Matthew M. Levy,
J. This is a motion by the defendant for summary judgment dismissing the complaint in a suit to recover treble damages under section 535 of the Beal Property Law for alleged wrongful eviction of the plaintiff from certain premises. The papers are massive, the documents voluminous, the exhibits duplicated, the cited precedents sparse and really obiter dicta, if not chronologically inapplicable. But the issues are simple, the crucial facts few and undisputed.
That, on the basis of the final decree of the court awarding *18 specific performance to the defendant, it was entitled to immediate title and possession of the premises is established. That, because of the plaintiff’s noncompliance with the decree, the court duly made an order directing the Sheriff of Nassau County to convey the plaintiff’s title to the defendant and to put the defendant into possession is undenied (Civ. Prac. Act, § 979). The plaintiff appealed from that order, and there was the rub. For the appeal, without more, did not stay the execution of the order (Civ. Prac. Act, § 614). A stay of execution would result, in the circumstances disclosed in this record, if the plaintiff had not only served a notice of appeal, but had also duly done the other things required by the statute. What those other things were are set forth in the Civil Practice Act, the relevant portions of which follow:
Section 615 provides, so far as applicable, that a “ stay of execution results * * * when the appellant gives an undertaking equivalent to that prescribed by” section 593, together with proof of compliance with section 598. Section 593 provides that ‘ ‘ the appellant must give a written undertaking that he will pay all costs and damages which may be awarded against him on the appeal, not exceeding five hundred dollars ”. Section 598 provides, among other things, that “ [i]f the appeal is taken from a judgment or order directing the sale or the delivery of the possession of real property, or entitling the respondent to the immediate possession thereof, a stay of the execution of the judgment or order results without any order when the appellant who is in possession of or in control of the property (a) gives an undertaking as prescribed by section five hundred ninety-three and (b) gives a written undertaking to the effect that he will not, while in possession or control of the property, commit or suffer to be committed any waste thereon; and the undertaking must also provide that if the judgment or order is affirmed or the appeal is dismissed, and there is a deficiency upon a sale, he will pay the value of the use and occupation of such property, or the part thereof as to which the judgment or order is affirmed, from the time of taking the appeal until the delivery of the possession thereof, pursuant to the judgment or order, not exceeding a specified sum fixed by a judge of the court below. ’ ’ Section 565, in substance, provides, that a “copy” [of each undertaking] “so given”, [whether or not] ‘ ‘ contained in the same instrument or in different instruments, at the option of the appellant”, “with a notice showing where it is filed, must be served on the attorney for the adverse party with the notice of appeal or before the expiration of the time to appeal.”
*19 Fundamentally, the case turns upon the resolution of two questions :
(1) Did the plaintiff fail to “give*’ an undertaking as to costs and damages, in that, although he filed such an undertaking (Civ. Prac. Act, § 593), and informed the defendant that he had done so, he did not serve a copy thereof upon the defendant? (Civ. Prac. Act, § 565.)
(2) Was the plaintiff required to give an undertaking against waste, which coneededly he did not do? (Civ. Prac. Act, § 598.)
It is undisputed that the plaintiff telephoned and telegraphed the defendant that he had filed a deed and an undertaking. It is similarly unquestioned that the plaintiff, however, did not serve a copy of the deed or the undertaking on the defendant. Did the filing and such notice suffice to stay the effect of the order directing the Sheriff to give a deed in plaintiff’s name to defendant and to put defendant in possession? Let me point out here that section 569 of the Civil Practice Act provides that “ [a]n undertaking which the appellant is required to give, or any other act which he is required to do for the security of the respondent, may be waived by the written consent of the respondent. ’ ’ There was no written consent. And there is no suggestion or claim of waiver. Indeed, the history of this bitterly fought familial litigation is such that neither party would be expected to waive any of his legal rights — no quarter was given and none was expected in this vigorous internecine strife.
It is to be observed that sections 593 through 598 — which in their present state became effective September 1,1945, by amendment of that year (L. 1945, ch. 841) — all now use the word “give”. (As to the history of the 1945 amendments, see Eleventh Annual Report of N. Y. Judicial Council, 1945, p. 285.) It seems clear to me that the word “ give ” would be indeed a peculiar one to use if thereby all that was meant was that the bond need merely be “ filed ”, as urged by the plaintiff. It is not the filing of such a paper that at any time has created a problem, but, rather, no or casual information to the successful respondent that there was filing. What should the appealing party be required to do under the statute with respect to the respondent in connection with the filing of such a bond? The plaintiff says that if I hold that filing alone does not suffice then notice of any kind that an undertaking was filed is adequate, and it is not needed that the respondent receive a true copy of the bond filed. The matter is not free from doubt, but I am not inclined to agree. The authorities cited by either party are not conclusive.
*20 It is to be remembered that when such an undertaking is required to be given on behalf of the adversary, the successful party hopes that he has come to the end of the litigation. The agonized hunter for justice in the courts has finally brought his quarry to bay! Is this successful, although perhaps worn and weakened, hunter to be denied his due — or be caused to suffer further delay — at the very end by deliberate diversionary tactics or unintentional false scents ? How would the respondent — when time may well be of the essence — be expected to know whether the undertaking as filed complies with the requirements of the law and the decree 1 Is a further burden to be placed upon the successful party — to go to the place of filing on the basis of a telephone call or telegraphic communication to check from day to day whether the undertaking has really been filed and if so whether it is adequate and in compliance ? I think not. Section 565 requires that a copy of the undertaking, with a notice showing where it is filed, be served on the attorney for the respondent. That, I hold, is needed to effectuate the stay.
That the appellant should be required seasonably and formally to serve a true copy of the filed undertaking seems to be pointed up by the very present situation. For now; I come to the effect of the undisputed fact that there was no undertaking whatsoever given in respect of waste. It will be recalled that, by section 598, in order to effect a stay of execution upon an appeal in a case where title or possession or control of real property is involved, an additional undertaking must be furnished to the effect that the plaintiff “ will not, while in possession or control of the property, commit or suffer to be committed any waste thereon.” The plaintiff argues that the section is inapplicable (citing 6 Carmody, New York Practice, § 652), in that the defendant is a co-owner and as such could prevent the commission of waste, and that it cannot be said that the plaintiff would be likely to commit waste on his old family home.
This argument is entirely baseless. The additional bond is to be given where the judgment directs the sale or the delivery of possession of real property or entitles the respondent to immediate possession thereof. It is not ownership that is involved, but possession. It is hardly to be supposed that it is the person out of possession who is the one to be able to prevent the commission of waste. The latter is being held out of possession by the co-owner in control, and the contention that the co-owner out of possession is in a position actually to prevent waste seems to me quite specious.
And if, as urged by the plaintiff, the test is whether the respondent is likely to commit waste, the statute would — it is *21 quite plain — be rendered completely ineffectual. The case at bar is an apt illustration. It was on May 6,1955, that the owners of the property in suit, including the plaintiff, contracted for its sale to the defendant. Thereafter, the plaintiff sought to renege on his agreement. The plaintiff had been a co-committee of an incompetent joint owner, and was removed by the court as such committee because of his refusal to obey an order of the court directing him to join his co-committee in conveying the interest of the incompetent to the defendant. Thereafter, the plaintiff failed in an endeavor to rescind the contract. There has otherwise been considerable litigation, up and down through the courts. Finally, the only interest left unconveyed was the plaintiff’s interest and he held on until September 22, 1958.
The plaintiff’s reliance on the ancient sentiment of' “ homestead ” ended with his agreement to convey, with the decree of specific performance and with the direction for delivery of possession. However understandable, his plea can no longer be a consideration to impede deliberate action and judgment according to law. What the plaintiff should have done was to comply with the order or fully perfect his appeal. He did neither. In the circumstances here, what the plaintiff might do in pique or anger or retaliation is not a risk which the victorious defendant was required to take. The plaintiff was in immediate possession and control of the premises and was in a position to commit acts of waste (see 9 Carmody-Wait, Cyclopedia of New York Practice, p. 349). That, in my view, suffices to dispose of the plaintiff’s argument that no undertaking in that regard was required (cf. the direction at the end of my opinion in Sufrin v. Arbeau, 24 Misc 2d 909; defendants’ application for stay pending appeal denied, 10 A D 2d 554 [3]).
If, therefore, the plaintiff is technically correct concerning the matter of notice in relation to the bond for costs and damages (Civ. Prac. Act, § 593), the plaintiff still had failed to effect a stay in that he did not comply with section 598 in respect of an undertaking for waste.
An issue has also been raised as to whether the defendant is in any event legally responsible for the eviction on the ground that the Sheriff, in proceeding with the ejection (notwithstanding the stay claimed to have been effectuated by the plaintiff), was acting as an officer of and pursuant to the direction of the court and not as an agent and under the direction of the defendant. In the view I have taken of this case, I need not seek to resolve that matter on this motion for summary judgment.
The defendant’s application is granted and the complaint is dismissed.