Breitel, J.
The issue in this property damage action is whether a supplemental summons, in addition to an amended complaint, must be served by a newly added plaintiff on a defendant originally sued in the action. The purpose of adding the new plaintiff was simply to correct the misallocation, among affiliated corporations of similar name, of the ownership of the property in suit. The issue is made simpler because the defendant in question (Automatic Fire Alarm Company) is a domestic corporation, but complicated on the other hand by the court’s direction at the time of authorizing joinder that a supplemental summons be served.
The Appellate Division concluded that service of a supplemental summons was not jurisdictional. It held, alternatively, that if it were jurisdictional there remained an issue of fact whether the affected defendant had not appeared in response to the amended complaint, thus dispensing with the need for supplemental process.
The issue arises on a motion by plaintiffs to declare defendant Automatic in default for its failure to answer the amended complaint, or to direct it to serve an answer to the amended complaint, and for leave to amend the summons to add Patrician Button Corp. as a party plaintiff. Special Term denied the motion but granted leave to “ plaintiffs ” to serve a supplemental summons and amended complaint subject to defendant Automatic’s interposing its Statute of Limitations defense. Since the passage of time barred any new claim, the limitations *603 defense would be dispositive. The Appellate Division in holding that it was not necessary to serve the supplemental summons, directed defendant Automatic to serve an answer to the amended complaint but without inclusion of the Statute of Limitations defense.
Plaintiffs, Patrician Plastic Corp. and its wholly-owned subsidiary, Paragon Button Corp., began this action in 1962 to recover for water damage to their property as a result of the defective operation of a sprinkler and alarm system. Plaintiffs were tenants in a building in which defendant Automatic maintained the sprinkler and alarm system for the landlord, Bernadel Realty Corp. Separate answers were interposed, by defendants Bernadel and Automatic. Subsequently, during a pretrial proceeding, it was discovered that title to a major portion of the damaged property was in the name of a third corporation, Patrician Button Corp., also a wholly-owned subsidiary of Patrician Plastic, and not in the names of the plaintiffs Patrician Plastic and Paragon Button as originally pleaded.
The original plaintiffs, represented by the same attorney, then moved, on notice to defendants Bernadel and Automatic, for “ leave to serve and file a Supplemental Summons and Amended Complaint adding Patrician Button Corp. as a party plaintiff.” The motion was granted without opposition by order of September 18, 1963, which directed service of a supplemental summons and amended complaint.
The joinder order was served on defendants Bernadel and Automatic on October 2, 1963. The amended complaint was also served. All service was made by and on the attorneys for the parties. This pleading, headed by a complete and proper caption, was subscribed by the same attorney on behalf of the plaintiffs, including newly added Patrician Button. It was received by defendant Automatic well before the Statute of Limitations had run out. There was never, however, any service of a supplemental summons by or on behalf of Patrician Button, the added plaintiff.
Defendant Bernadel answered the amended complaint in January 1964, and in July of that year moved for leave to amend its answer to assert a cross claim for primary liability against its codefendant Automatic. This motion was granted on notice *604 to Automatic without any opposition. Included in the caption of this order is the name of added plaintiff Patrician Button Corp, as one of the parties plaintiff. Bernadel then served the amended answer with cross claim upon Automatic on September 24, 1964. Automatic interposed an answer to Bernadel’s amended complaint.
The caption of the transcript of another pretrial proceeding, conducted on February 13, 1964, contains the name of Patrician Button Corp. Although its appearance is recited in the transcript, Automatic asserts that it did not appear.
A note of issue and statement of readiness were filed on behalf of plaintiffs Patrician Plastic Corp. and Paragon Button. The name of Patrician Button, the added party plaintiff, was omitted from the caption of these papers. On the eve of trial, and after the Statute of Limitations had run out, Automatic notified plaintiffs ‘ ‘ that it considered service of the amended complaint void because a supplemental summons had not been served.”
Plaintiffs then made the motion involved on this appeal in order to resolve the problems created by the failure to serve a supplemental summons, thus raising the question whether such service was required or jurisdictional.
A threshold issue is whether the appeal is properly before the court on a certified question of law ‘ ‘ decisive of the correctness ” of the Appellate Division’s determination (CPLR 5713; Blaschko v. Wurster, 156 N. Y. 437, 445). In accordance with usual practice (see, e.g., Matter of Allen v. Rizzardi, 5 N Y 2d 493, 496; Phoenix Mut. Life Ins. Co. v. Conway, 11 N Y 2d 367, 370; Cohen and Karger, Powers of the New York Court of Appeals, § 87), the court would interpret the question here certified — which asks whether the Appellate Division’s order was ‘ ‘ properly made”—as posing the question of law decided by that court and which it evidently intended to certify, namely, whether the service of a supplemental summons was a jurisdictional requirement. The only problem is whether that question of law is “ decisive ”.
A certified question of law is “ decisive ” if the appellant would be entitled to a reversal of the Appellate Division’s order in the event that the question were to be answered in the appellant’s favor. (See Cohen and Karger, op. cit., supra, p. 367.) *605 Thus, where the Appellate Division certifies a question of law which it has decided but its decision also rests, albeit in the alternative, on a finding of fact or an exercise of discretion with which this could not interfere, the question certified will be held to be not ‘ ‘ decisive ’ ’, and the appeal will be dismissed, since the decision could not be reversed—even though the Appellate Division’s determination of the question may be erroneous—• so long as the finding of fact or exercise of discretion were to stand. (See Cohen and Karger, op. cit., supra, § 88, pp. 375-376.)
In the present case, however, although there were several issues of fact considered by the Appellate Division, its decision does not rest on any finding of fact which would preclude this court from reversing if it were to determine that the Appellate Division’s decision of the question of law was incorrect.
Thus, as noted, the Appellate Division held that, even if the service of a supplemental summons was a jurisdictional requirement, there was a question of fact as to whether defendant Automatic had made an appearance subsequent to the service of the amended complaint and thereby dispensed with the need for supplemental process.
Of course, where the question necessarily presents issues of fact, which the court is powerless to review on appeal from a nonfinal order, the appeal must be dismissed (Cohen and Karger, op. cit., supra, § 86, pp. 368-369). And it has been said that where ‘ ‘ the decision could turn, whether exclusively or in the alternative, on an issue of fact, any question of law certified by the Appellate Division will not be deemed decisive ” if the Appellate Division has specified that decisive facts have been determined in favor of the party, now respondent in the Court of Appeals (Cohen and Karger, op. cit., supra, § 89, p. 384; see, also, 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5602.14).
However, the Appellate Division did not resolve the question of fact or make any finding concerning the appearance of defendant Automatic but, rather, emphasized that a hearing would be necessary in the event that the matter were of a jurisdictional nature (30 A D 2d, at p. 575). Manifestly, the mere existence of an unresolved question of fact would not prevent this court from reversing if it concluded, contrary *606 to the view expressed by the Appellate Division, that the service of a supplemental summons was jurisdictional.
There was also a question of fact whether plaintiffs had abandoned the benefit of the order granting them leave to serve a supplemental complaint, by reason of the failure of Patrician Button to serve a supplemental summons. The court at Special Term made a finding that there had been such an abandonment, and the Appellate Division in reversing made a contrary finding that there had been no abandonment. Notwithstanding the latter finding, however, the Appellate Division’s order could not stand if this court were to determine that there was a failure to comply with a jurisdictional requirement.
In short, the question of law here decided by the Appellate Division, and which is treated as posed by the certified question, is decisive of the correctness of its order, and the appeal is, accordingly, properly before this court. Having concluded that the appeal lies, it is now appropriate to turn to the merits.
The statutory requirement for a supplemental summons, but restricted to use in bringing in new defendants, dates back to the Code of Civil Procedure which provided: "Where the court directs a new defendant to be brought in, and the order is not made upon his own application, a supplemental summons must be issued, directed to him” (§ 453, as amd. by L. 1877, ch. 416). This requirement, again restricted to additions of new defendants, was continued in the Civil Practice Act, which provided: ‘ ‘ Where the court directs a new defendant to be brought, in and the order is not made upon his own application, a supplemental summons directed to him must he issued ” (Civ. Prac. Act, § 219). In the CPLR, however, the requirement of the supplemental summons appears to have been broadened, at least verbally, to provide: “ Where the court directs that a new party he joined in the action and the order is not made upon the new party’s motion, a supplemental summons, specifying the pleading which he must answer shall be served upon him ” (CPLR 305, subd. [a]). The legislative history of the CPLB contains no explanation for this change. But in all of this legislative sequence the necessity for a summons depends upon a nonparty’s being brought, against its will if need be, within the jurisdiction of the court and being given notice of the claims in suit. Thus, even the old Code of Civil *607 Procedure specified that the supplemental summons had to he served personally or by a substituted mode of service (§ 453).
Defendant Automatic, not being joined as a new party in the action, it is not necessary that it be served with a supplemental summons (cf. Haas v. Craighead, 19 Hun 396, 398). Thus, direction by the court for service of a new summons on defendant Automatic was not required, either under section 219 of the Civil Practice Act, the operable statute at commencement of the action, or the CPLB, the statute controlling when the order joining Patrician Button was made (CPLB 305, subd. [a]; 10003). On any view, defendant Automatic was not the new party joined but rather it was plaintiff Patrician Button (see, McLaughlin, 1969 Supp. Prac. Comm., McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 305, 1969-1970 Cum. Supp., pp. 181-182, commenting on the instant case). Although Patrician Button was not joined on its own motion but by motion of its parent corporation this is a distinction without the slightest substance.
Defendant Automatic contends, however, that Patrician Button, by not serving its own supplemental process, never succeeded in subjecting Automatic to jurisdiction on Patrician Button’s claim for relief.
Extensive research fails to yield either statute or decisional precedent which would require in all cases that a defendant already in an action be served with original process if a new claim is to be made against it, whether by a newly added plaintiff or otherwise. In reason there seems no general need for the service of such original process. The short of it is that process serves to subject a person to jurisdiction in an action pending in a particular court and to give notice of the proceedings (Stuyvesant v. Weil, 167 N. Y. 421, 425; 3 Carmody-Wait, 2d, New York Practice, § 24:1; 72 C. J. S., Process, § 2).
Where the party defendant is already in the action there is no need, generally, to lay a basis for personal jurisdiction anew or to give any notice other than that which is obtained through the proceedings brought to add the new claim whether on behalf of a new party or not. Thus, the practice statutes before CPLB were unequivocal in requiring the service of such original process only on newly added defendants, and CPLB refers to service only on, and not by, the newly added *608 party. A caveat, of course, must be noted. It was observed that there was no general need for service of original process on the addition of parties plaintiff who are willing or anxious to be joined. There may be special circumstances, however, such as in an action pending against a nonresident in which it is sought to add a new claim, when it may be necessary to acquire personal jurisdiction anew over the defendant (cf. Everitt v. Everitt, 4 N Y 2d 13; see, e.g., Restatement, Judgments, § 5, Comment h). In the instant case Automatic is subject to the court’s full jurisdiction with unqualified notice of all that has occurred or is being demanded of it.
Although the instant case involves a permissive joinder, there is a useful parallel to be found in intervention practice (Civ. Prac. Act, § 193-b; CPLR 1012-1014, 2103, subd. [e]) and in the practice governing the .substitution of parties (CPLR 1021). In both instances the statutes which detail the procedures to be followed and specify the papers to be served refer exclusively to the motion papers and the orders entered on the motions. There is no suggestion that original process be served and it is difficult to conceive that original process be necessary in such circumstances. Of course, in such cases the motion is made by the party to be added.
It was noted earlier that, on the motion of the original plaintiffs, leave had been sought to serve a supplemental summons and the court granted the relief requested. There is no doubt that a court could condition the joinder of a new party plaintiff on the service of papers in the exercise of its discretion whether or not it served any purpose. True, there was such a condition imposed in this case, but it hardly involves a jurisdictional ground on the analysis already presented. Consequently, the failure to satisfy the condition is not a jurisdictional defect but, at worst, an irregularity which the court may and should ignore especially since no prejudice to any party resulted from the omission (Civ. Prac. Act, § 105; CPLR 2001).
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Jasen and Gibson concur.
Order affirmed, etc.