■ NORTHEASTERN INDUSTRIAL PARK, INC., Respondent, v JAMES ACKROYD & SONS, INC., Appellant. (Action No. 1.) JAMES ACKROYD & SONS, INC., Plaintiff v NORTHEASTERN INDUSTRIAL PARK, INC., Defendant. (Action No. 2.)

—Appeal from an order of the Supreme Court at Special Term, entered April 22, 1975 in Albany County, which granted a motion by the plaintiff for the joinder of a third party, Distribution Unlimited, Inc., as a party plaintiff and for leave to serve an amended complaint. The plaintiff commenced the instant Action No. 1 on or about March 5, 1973 alleging injuries sustained to its buildings and to personal property because the defendant negligently performed a contract between them entered into on or before June 30, 1971 whereby defendant was to repair the roofs of certain buildings. The plaintiff moved in December of 1974 for an order permitting the joinder of Distribution Unlimited, Inc., as a party plaintiff and to serve an amended complaint bearing the new title of the proceedings and also to assert a new cause of action on its own behalf based upon a breach of contract. Special Term, in granting the motion for joinder, referred to CPLR 1001 (subd [a]) which refers to the necessary joinder of parties and found that the added plaintiff would be necessary for complete relief in the action. The record establishes that the motion was made upon the consent of Distribution Unlimited, Inc., and under such circumstances the appropriate section of the CPLR would be 1002. (See CPLR 1003.) It appears from the record that the added plaintiff, as lessee, would seek damages arising out of the same transaction as the original plaintiff, the lessor, and the relief granted by Special Term in permitting joinder is not an abuse of discretion. (See *Patrician Plastic Corp. v Bernadel Realty Corp.,* 25 NY2d 599.) The defendant relies primarily upon a supposition that as to the added plaintiff there is prejudice in regard to the applicable Statute of Limitations. It does not appear that the joinder of Distribution Unlimited, Inc., would preclude the defendant from asserting the Statute of Limitations as an alleged defense. The amended complaint insofar as it asserts a cause of action premised upon a breach of contract is based upon the same facts pleaded in the plaintiff's original complaint and upon this record, the relief granted is not an abuse of discretion. Order affirmed, with costs to plaintiff Northeastern Industrial Park, Inc. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.