■ LILLIAN LEIBMAN et al., Respondents, v SCHLOSSBERG'S ATLAS BOILER AND WELDING COMPANY, INC., Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered October 6, 1976, dismissing affirmative defense of Statute of Limitations, unanimously affirmed, with $60 costs and disbursements to respondents. In January, 1973, plaintiffs-respondents husband and wife commenced an action for personal injuries to the latter against the owner and manager of their apartment building. A third-party action against an oil burner service, Burnside Oil Burner Services, Inc., ensued, followed in turn by a fourth-party suit against another service company, defendant-appellant Schlossberg's Atlas Boiler and Welding Company, Inc. In October, 1975, without leave and untimely under CPLR 1009, plaintiffs served both Burnside and defendant-appellant Atlas directly with process for precisely the same cause embraced by the original action. That service would have been unexceptionable if made in an independent action against these defendants for it was made well within the statutory period of limitation, and later consolidation of both lawsuits could not have been prevented. Defendant-appellant moved to dismiss as untimely under CPLR 1009; plaintiffs cross-moved for leave to amend the already served summons and complaint to include the added defendants *nunc pro tunc.* Though the court could at that point have specifically stated that it validated the service as completely accomplished *nunc pro tunc,* the cross motion was granted "to the extent of permitting plaintiff *[sic]* to serve an amended complaint," which they did, but not within the ordinary three-year period of limitation. No appeal was taken. Defendant-appellant's answer set up the affirmative defense that the suit was time-barred, which plaintiffs moved to dismiss. The motion was granted by the order appealed from. It seems to us that that order, read together with the unappealed order permitting service of the amended complaint, had the effect of fully validating the service made in October, particularly when it is considered that, as has been pointed out, the suit could have been started independently and consolidated later, and appellant had full notice of its nature and content from the moment of service of the fourth-party complaint. It would be, in the classic phrase, an exaltation of form over substance to rule otherwise. Every part of this story which has any real significance took place before the three-year limitation on plaintiff's direct claim had run out, and all that remained was the court's act in putting a CPLR 1009 imprimatur on the proceedings. There is no limitation on this. Plaintiff's statement of claim was clear and timely and should not be deemed dismissible because of belated application for relief which brought forth the incomplete unappealed ruling. That decision, properly read, means validation of timely service. "The short of it is that process serves to subject a person to jurisdiction in an action pending in a particular court and to give notice of the proceedings * * * Where the party defendant is already in the action there is no need, generally, to lay a basis for personal jurisdiction anew." (*Patrician Plastic Corp. v Bernadel Realty Corp.,* 25 NY2d 599, 607.) Concur—Kupferman, J. P., Lupiano, Birns and Markewich, JJ.