(August 8, 1991)

■ KENNETH ROSENBLUM et al., Doing Business as STANDARD REALTY ASSOCIATES, Plaintiffs, v 170 WEST VILLAGE ASSOCIATES et al., Defendants and Third-Party Defendants, and JOHN KLAUSZ ASSOCIATES, LTD., Respondent. JOHN KLAUSZ, Third-Party Plaintiff-Respondent, v ONASOR BUILDING CONSULTANTS, Third-Party Defendant-Appellant.—Order of the Supreme Court, New York County (Carol Arber, J.), entered on or about July 31, 1990, which denied appellant Onasor's motion to dismiss the third-party complaint on jurisdictional grounds, is reversed, on the law, the motion granted, and the third-party complaint against Onasor dismissed, with costs. The clerk is directed to enter judgment in favor of the third-party defendant-appellant dismissing and severing the third-party complaint as against it.

In January of 1989 the plaintiffs, Kenneth and Bernice Rosenblum, commenced an action to recover damages allegedly sustained at their premises located at 26 Perry Street. Named as defendants in that action were 170 West Village Associates, Georgetown Development Corporation, Richard C. Muggler Company, Inc., and John Klausz Associates, Ltd. On a subsequent date not ascertainable from the record now before this court, the plaintiffs commenced a second action, also to recover for the damage to their Perry Street premises, this time naming Onasor Building Consultants as a defendant. The parties apparently stipulated in June 1990 to consolidate the two actions.

At some time prior to April 1989 John Klausz purported to commence a third-party action against Onasor, among others. It is not disputed that Onasor was not served with a third-party summons or copies of all the prior pleadings served in the action, and that the requirements for obtaining jurisdiction over Onasor were therefore left unfulfilled (see, CPLR 304, 1007). Onasor has moved to dismiss the third-party action on this basis. Its motion, however, was denied, as the motion court was apparently of the view that since jurisdiction had already been obtained over Onasor in the second of the Rosenblum actions, the failure to serve a third-party summons was but a formal defect not requiring the dismissal of the third-party complaint.

It is very basic that, as a general matter, jurisdiction cannot be obtained over a defendant except through strict compliance with the statutorily mandated procedures (see, Macchia v Russo, 67 NY2d 592, 595; Markoff v South Nassau Community Hosp., 61 NY2d 283, 288; Feinstein v Bergner, 48 NY2d 234, 241; McDonald v Ames Supply Co., 22 NY2d 111, 115-116). As it is clear that those procedures have not been abided in the present case, it ought to follow as a matter of course that the resulting jurisdictional defect requires the dismissal of the third-party complaint as against Onasor. In an effort to avoid this conclusion, however, the third-party plaintiff maintains that Onasor's consent to the consolidation of the Rosenblum actions amounted to a waiver of its jurisdictional defense in the third-party action. But no such meaning may be reasonably gleaned from the stipulation to consolidate which makes absolutely no reference to any third-party action, much less to the waiver of the jurisdictional defense specifically raised by Onasor in its answer. And, it ought to be self-evident that the fact that the court at some point obtained jurisdiction over Onasor in the context of the Rosenblums' second action did

not ipso facto render proper third-party service in the original action a dispensable formality.

Finally, the third-party plaintiff's reliance on *Patrician Plastic Corp. v Bernadel Realty Corp.* (25 NY2d 599), is entirely misplaced. The issue in that case was "whether a supplemental summons, in addition to an amended complaint, [had to] be served by a newly added plaintiff on a defendant originally sued in the action" *(supra,* at 602). The court concluded that "[w]here the party defendant is already in the action there is no need, generally, to lay a basis for personal jurisdiction anew or to give any notice other than that which is obtained through the proceedings brought to add the new claim whether on behalf of a new party or not" *(supra,* at 607). Here, Onasor was not a party to the original Rosenblum action. Indeed, so far as can be told from the record, at the time of the commencement of the third-party action in 1989, Onasor was not before the court in any capacity. The service of a summons together with the prior pleadings then, far from being a redundant exercise, was absolutely essential to bring Onasor within the court's jurisdiction (CPLR 304, 1007). Such service never having been made, jurisdiction over Onasor in the third-party action has never been obtained. Contrary to the view apparently embraced by the motion court, there exists no equitable power retrospectively to validate defective service. Either the service was valid from the outset or it was not, and if, as here, it was not, there can be only one consequence, the dismissal of the action. Concur—Murphy, P. J., Milonas and Rubin, JJ.

Ellerin and Kupferman, JJ., dissent in a memorandum by Ellerin, J., as follows: We agree with the trial court that to accept appellant Onasor's contention that jurisdiction was not obtained over it because of the third-party plaintiff's failure to formally serve it with a summons, rather than just a third-party complaint, is to exalt form over substance. The failure to include a summons here along with the third-party complaint was not a jurisdictional defect, but rather a curable irregularity *(see, Patrician Plastic Corp. v Bernadel Realty Corp.,* 25 NY2d 599). Further, Onasor, which is a named party defendant in a consolidated action brought by the underlying plaintiffs, had adequate notice of the claims now raised against it.