■ RONBARST REALTY CORP., Respondent, v BOARDWALK OWNERS CORP. et al., Appellants, and ROBERT LEFCOURT, as Receiver, Respondent, et al., Defendants.—Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about December 21, 1990, which, to the extent appealed from, directed defendants to account for and turn over to respondent-receiver all rents and other monies collected by them since October 2, 1990, the date of the receiver's appointment, is unanimously affirmed, with costs.

In this mortgage foreclosure action, there was a 17 day delay between the signing of the order appointing the receiver on October 2, 1990, and the entry of that order on Friday, October 19, 1990, with the receiver thereafter filing his oath and undertaking on the next business day, Monday, October 22, 1990. The receiver claims that defendants must account for and turn over to him the rents they collected since October 2. Defendants claim that the receiver is not entitled to rents they collected prior to October 22. IAS correctly held that "controlling authorities equate the receiver's entitlement to rents to no other point in time other than upon his or her appointment" (citing *New York Life Ins. Co. v Fulton Dev. Corp.*, 265 NY 348, 352; *Wyckoff v Scofield*, 98 NY 475, 478; *Kane Assocs. v Blumenson*, 30 AD2d 127, 128, *affd* 23 NY2d 942; *Rider v Bagley*, 84 NY 461, 465).

Defendants' reliance on *Grace v Real Prop. Owners* (25 Misc 2d 17, *affd* 11 AD2d 989) for the proposition that the receiver here did not qualify until he served his notice of undertaking on December 6, 1990 is misplaced. *Grace*, unlike this case,

involved the necessity for serving a notice of undertaking in order to effect a stay of execution pending appeal. The stay was denied, not because of the appellant's failure to serve a proper notice of undertaking, but because of his failure to file one. Concur—Wallach, J. P., Kupferman, Ross and Smith, JJ.