■ JOHN DEAN, Respondent, v JOYCE M. SARNER et al., Appellants, et al., Defendant. [607 NYS2d 485] —White, J. Appeal from an order of the Supreme Court (Cobb, J.), entered June 15, 1992 in Columbia County, which denied a motion by defendants Joyce M. Sarner and Mark H. Berger to dismiss the complaint for lack of personal jurisdiction.

According to plaintiff's process server, service was made upon defendant Joyce M. Sarner on January 23, 1991 and upon defendant Mark H. Berger on February 25, 1991, pursuant to CPLR 308 (2), by delivering the summons to the security guard for the building known as 300 Central Park West in New York City and thereafter mailing the summons to these defendants at that address. Contending that this service did not comport with the requirements of CPLR 308

(2), Sarner and Berger moved to dismiss the complaint. Supreme Court, without holding a traverse hearing, denied the motion, finding that Sarner had been properly served and that Berger had apparently been re-served. This appeal by Sarner and Berger followed.

Supreme Court acted within its discretion in denying Sarner's motion without conducting a traverse hearing because her affidavits did not raise an issue of fact in conflict with the affidavit of service *(see, Colon v Beekman Downtown Hosp.,* 111 AD2d 841). While Sarner points out that the process server apparently misnamed the security guard, she notably does not deny receiving the summons from the security guard, nor does she contend that he or she was not a person of suitable age or discretion *(see, Essex Credit Corp. v Tarantini Assocs.,* 179 AD2d 973). Also, her mere denial of the receipt of the summons by mail, without further probative facts, is insufficient to overcome the presumption of delivery which attaches to a properly mailed letter *(see, Public Adm'r of County of N. Y. v Markowitz,* 163 AD2d 100).

Once Supreme Court found that plaintiff did not acquire jurisdiction over Berger because he did not reside at 300 Central Park West, it was required to dismiss the action against him *(see, Rosenblum v 170 W. Vil. Assocs.,* 175 AD2d 702). Supreme Court should not have proceeded to find that he had been re-served because there were no facts in the record before it to support such a finding.

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant Mark H. Berger; motion granted to that extent and complaint dismissed against said defendant; and, as so modified, affirmed.