■ Granite Management and Disposition, Inc., Respondent, v Alexander S. Sun, Appellant, et al., Defendants. Granite Management and Disposition, Inc., Respondent, v Alexander S. Sun, Appellant, et al., Defendants. [634 NYS2d 48] —Order, Supreme Court, New York County (Stephen Crane, J.), entered on or about August 19, 1994, which, *inter alia*, denied defendant mortgagee's motion to dismiss the complaints in these foreclosure actions for lack of personal jurisdiction and to vacate the receiver's appointment, and granted the receiver's cross motions for a turn-over by defendant of all rents collected since the date of the receiver's appointment, unanimously affirmed, with costs.

No issue of fact exists warranting a hearing on whether service was properly made pursuant to CPLR 308 (2). The affidavits of plaintiff's process server state that he served one Jennifer Wang Sun, originally believed by the process server to be defendant's daughter but later determined by plaintiff to be his wife, at defendant's apartment. The defendant's affida-

vit, which claims that the only copy of the summons and complaint he received came in the mail, that a copy of the papers were left in a box in the front hall of the building, and that no one of suitable age and discretion was served on his behalf, fails to show that no one named Jennifer Wang Sun could have been in his apartment at the time of the alleged service. Since proper service does not require that the defendant actually receive the paper from the person served, defendant's belief that no one of suitable age and discretion was served could be due simply to the fact that Ms. Sun never delivered the papers to him or told him that she had them. Defendant does not deny that he knows someone named Jennifer Wang Sun or even that someone may have been in his apartment at the time of the alleged service. The affidavit of "Ling Xu", which states that she is a tenant of the apartment where the service was allegedly made and that she found the only copy of the summons and complaint she received stuffed in the door to the apartment, but does not indicate whether she is defendant's wife, whether she knows a Jennifer Wang Sun, or whether a person by that name could not have been present in defendant's apartment at the time of the alleged service did not suffice to raise an issue of fact.

Defendant is not entitled to the rent he collected after the receiver's appointment and before his qualification (*Ronbarst Realty Corp. v Boardwalk Owners Corp.*, 177 AD2d 436). Nor in the absence of prejudice to defendant should the receivership be invalidated simply because the receiver first contacted defendant the day before his bond was filed to advise of his appointment and of a court order that commanded defendant not to collect future rents (CPLR 2001). The contact in question, while slightly premature, was ministerial in nature and did not affect defendant's rights. We would also note that the bond, although not yet filed, had been procured before the contact (*cf., Cubita v Westchester Furniture Exch.*, 88 Misc 2d 497). Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Tom, JJ.