■ Greenpoint Savings Bank, Respondent, v Frances L. Aponte et al., Defendants, and Lydia E. Banegas, Appellant. [657 NYS2d 331] —In an action to foreclose a mortgage on real property, the defendant Lydia E. Banegas appeals from an or-

der of the Supreme Court, Suffolk County (Floyd, J.), dated November 16, 1995, which denied her motion to vacate a judgment of foreclosure of the same court dated October 28, 1993.

Ordered that the order is affirmed, with costs.

The appellant was served with the summons and complaint in the present foreclosure action pursuant to CPLR 308 (2) on November 10, 1992. Specifically, these papers were delivered to her husband, Carlos Banegas, at her dwelling place, i.e., the mortgaged property located at Lot 59, Oxford Court, in Manorville. The papers were simultaneously mailed to the appellant at the same address, in compliance with CPLR 308 (2).

On December 8, 1992, the appellant signed an agreement pursuant to which the plaintiff would suspend, but not discontinue, the foreclosure action, on stated conditions. This document specified that one of the conditions was the defendant's waiver of any defense based on improper service. This document was signed and notarized in the office of the plaintiff's attorney's. According to a second affidavit of service, the appellant was re-served with the summons and complaint on December 8, 1992, this time by personal delivery.

In support of her motion to vacate the ensuing judgment of foreclosure, the appellant contended that her agreement to waive jurisdictional defenses was based on a "unilateral mistake". She also claimed that she had a valid jurisdictional defense, asserting, "I was never served with a Summons and Complaint in this action". We agree with the Supreme Court's denial of the motion.

The appellant has made none of the showings necessary to be relieved from the consequences of her written waiver based on her supposed unilateral mistake (see generally, McClain Realty v Rivers, 144 AD2d 216, 218). In any event, the appellant has failed to demonstrate the existence of any issue of fact concerning any supposed jurisdictional defense. Although, in addition to the conclusory statement noted above, the appellant specifically denied having personally received the summons and complaint on December 8, 1992, she failed to deny that Carlos Banegas had earlier received such process at her dwelling place, or that process had been delivered to that address by mail. Under these and all the other circumstances reflected in the motion papers, the appellant has failed to demonstrate any issue of fact with respect to the validity of the service on November 10, 1992 (see generally, Granite Mgt. & Disposition v Sun, 221 AD2d 186; Sando Realty Corp. v Aris, 209 AD2d 682; Dean v Sarner, 201 AD2d 770). Bracken, J. P., Friedmann, Florio and McGinity, JJ., concur.