■ IGNAZ GOHRIG et al., Appellants, v EUGENE PORCELLI, Defendant and Third-Party Plaintiff-Respondent. KEVIN REILLY, Third-Party Defendant-Respondent. [791 NYS2d 835]—

In an action to recover damages for dental malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated April 22, 2004, which denied their motion for reargument and renewal of the motion of the defendant third-party plaintiff, Eugene Porcelli, inter alia, for summary judgment dismissing the complaint insofar as it is based on treatment rendered before September 25, 1999, as time-barred, which was determined by an order of the same court dated November 18, 2003.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from the denial of reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Contrary to the plaintiffs' contention, that branch of their motion which was for leave to renew was properly denied, since they did not provide a reasonable justification for their failure

to submit an affidavit and deposition testimony of the injured plaintiff in opposition to the prior motion for summary judgment (*see* CPLR 2221 [e] [3]; *Hannalyn Realty Co. v McLaughlin*, 10 AD3d 409 [2004]; *Hart v City of New York*, 5 AD3d 438 [2004]; *Ortiz v Tusa*, 300 AD2d 288 [2002]). Moreover, the plaintiffs similarly failed to offer a reasonable excuse for their failure to previously submit the affidavit of an expert. The affidavit they proffered in support of renewal was completely conclusory and was improperly submitted in their reply papers on the motion (*see generally Fischer v Edward M. Weiland, M.D., P.C.*, 241 AD2d 439 [1997]; *Pinkston v Weiss*, 238 AD2d 393 [1997]). Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.