■ R.R. Ragette, Inc., Doing Business as Prudential Ragette Realtors, Respondent, v Robert D'Incecco et al., Appellants. [793 NYS2d 141]—

In an action to recover a real estate brokerage commission, the defendants Robert D'Incecco and Peggy D'Incecco appeal from (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered November 12, 2003, which granted that branch of the plaintiff's motion which was for summary judgment, (2) a judgment of the same court dated November 28, 2003, which, upon the order, is in favor of the plaintiff and against them in the principal sum of $23,250, and (3) an order of the same court entered June 2, 2004, which denied the motion of the defendant Peggy D'Incecco which was, in effect, for leave to renew the plaintiff's prior motion, inter alia, for summary judgment.

Ordered that the appeal from the order entered November 12, 2003, is dismissed; and it is further,

Ordered that the appeal by the defendant Robert D'Incecco from the order entered June 2, 2004, is dismissed, as that defendant is not aggrieved thereby; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order entered June 2, 2004, is affirmed insofar as appealed from by the defendant Peggy D'Incecco; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order entered November 10, 2003, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendants' contention, the plaintiff established its entitlement to judgment as a matter of law by demonstrating that it earned its real estate broker's commission by procuring a buyer who was ready, willing, and able to purchase the defendants' property in accordance with the defendants' terms (*see Dagar Group, Ltd. v South Hills Mall, LLC,* 12 AD3d 552 [2004]; *B & H Assoc. v Buscemi,* 229 AD2d 456 [1996]). Since the defendants failed to raise a triable issue of fact in opposition to the motion, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment.

The Supreme Court also properly denied the motion by the defendant Peggy D'Incecco which was, in effect, for leave to renew the plaintiff's prior motion, inter alia, for summary judgment. That defendant failed to come forward with a reasonable excuse for her failure to previously submit the proffered evidence, nor did her belated submissions require a different result (*see* CPLR 2221 [e]; *Hannalyn Realty Co. v McLaughlin,* 10 AD3d 409 [2004]; *Hart v City of New York,* 5 AD3d 438 [2004]). Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.