■ NATHANIEL N. WILLIAMS, Appellant, v MARK K. LINDENBERG et al., Respondents. [805 NYS2d 132]—

In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an amended order of the Supreme Court, Rockland County (Nelson, J.), entered July 30, 2004, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and (2) an order of the same court dated October 21, 2004, which denied his motion for leave to renew the prior motion.

Ordered that the orders are affirmed, with one bill of costs.

An action to recover damages for legal malpractice must be commenced within three years from accrual (*see* CPLR 214 [6]; *McCoy v Feinman,* 99 NY2d 295, 301 [2002]). Here, the defendants sustained their burden of making a prima facie showing that the complaint was time-barred by submitting evidence that the plaintiff's malpractice claim accrued no later than January 2001, when his time to file a notice of appeal from the adverse order in the underlying mortgage foreclosure action expired, and that this action was not commenced until more than three years later (*id.; see Gravel v Cicola,* 297 AD2d 620 [2002]). The evidence which the plaintiff submitted in opposi-

tion to the motion was insufficient to raise a triable of fact as to whether the continuous representation doctrine tolled the running of the statute of limitations beyond January 2001 (*see McCoy v Feinman, supra*). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint as time-barred.

The Supreme Court also properly denied the plaintiff's motion for leave to renew, since he failed to offer a reasonable justification for his failure to submit the additional evidence upon which he relied with the original motion (*see R.R. Ragette, Inc. v D'Incecco,* 17 AD3d 436 [2005]; *Gohrig v Porcelli,* 17 AD3d 314 [2005]; *Hannalyn Realty Co. v McLaughlin,* 10 AD3d 409 [2004]). Florio, J.P., Krausman, Skelos and Covello, JJ., concur.