■ CAROL W. ZORN, Appellant, v RITA K. GILBERT et al., Respondents. [812 NYS2d 136]—In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), entered March 17, 2005, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211.

Ordered that the order is affirmed, with costs.

A cause of action to recover damages for legal malpractice must be commenced within three years from accrual (*see* CPLR 214 [6]; *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *Williams v Lindenberg*, 24 AD3d 434 [2005]). Here, the plaintiff's causes of action to recover damages for legal malpractice accrued, at the latest, on December 4, 1997, when the judgment of divorce in the underlying action was filed in the office of the Clerk of the Supreme Court, Westchester County. As the plaintiff commenced this action on May 30, 2001 more than three years later, those causes of action were time-barred (*see* CPLR 203 [a]; *McCoy v Feinman, supra* at 305). This case does not fall within the category of cases that qualify for extending the period of limitations (*see McCoy v Feinman, supra* at 306; *Shumsky v Eisenstein*, 96 NY2d 164, 168 [2001]).

The remaining causes of action were either duplicative of the legal malpractice claims and arose from the same facts (*see Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005], *lv denied* 6 NY3d 701 [2005]; *Daniels v Lebit*, 299 AD2d 310 [2002]) or failed to state a cause of action (*see* CPLR 3211 [a] [7]).

Accordingly, the complaint was properly dismissed in its entirety. Miller, J.P., Crane, Luciano and Rivera, JJ., concur.