■ THOMAS AMODEO, Respondent, v KOLODNY, P.C., et al., Appellants. [828 NYS2d 446]—

In an action to recover damages for legal malpractice and breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered May 25,

2006, which denied their motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

A cause of action to recover damages for legal malpractice must be commenced within three years from accrual (*see* CPLR 214 [6]; *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *Zorn v Gilbert*, 27 AD3d 731 [2006]; *Williams v Lindenberg*, 24 AD3d 434 [2005]; *Shivers v Siegel*, 11 AD3d 447 [2004]). Here, the plaintiff's cause of action accrued on December 11, 1998 when his underlying personal injury action was settled without the defendants first obtaining the consent of the plaintiff's workers' compensation carrier to the settlement as required pursuant to Workers' Compensation Law § 29 (5). In addition, the defendants' representation of the plaintiff in the underlying personal injury action ended on February 2, 1999 when they sent him his share of the settlement proceeds and the closing statement. Inasmuch as this action was not commenced until November 2004, more than five years after the alleged malpractice occurred, the plaintiff's cause of action alleging legal malpractice was time-barred (*see* CPLR 203 [a]; 214 [6]; *McCoy v Feinman, supra*).

On the defendants' motion for summary judgment, after the defendants made a prima facie showing of entitlement to judgment as a matter of law, the Supreme Court improperly considered the plaintiff's allegation that the statute of limitations was tolled by the defendants' continuous representation of the plaintiff, as it was first raised in the plaintiff's surreply affirmation (*see Jackson-Cutler v Long*, 2 AD3d 590 [2003]; *Severino v Classic Collision*, 280 AD2d 463 [2001]; *Romeo v Ben-Soph Food Corp.*, 146 AD2d 688 [1989]). In any event, the evidence submitted by the plaintiff in opposition to the motion was insufficient to raise a triable issue of fact as to whether the statute of limitations was tolled (*see McCoy v Feinman, supra* at 306; *Williams v Lindenberg*, 24 AD3d 434 [2005]).

The plaintiff's remaining cause of action, alleging breach of contract, should have been dismissed as it was duplicative of the legal malpractice claim and arose from the same facts as that claim (*see Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082 [2005]; *Shivers v Siegel, supra*; *Daniels v Lebit*, 299 AD2d 310 [2002]). Accordingly, the defendants' motion for summary judgment should have been granted. Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.