■ LaTonya Jefferson, Appellant, v William Netusil, Respondent. [843 NYS2d 158]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Spinola, J.), dated August 15, 2006, which granted the defendant's motion, in effect, to vacate an order of the same court dated February 27, 2006, granting the plaintiff's motion for leave to enter a judgment against the defendant on the issue of liability upon his failure to appear or to answer the complaint, and to deem the answer filed and served.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the defendant's motion, in effect, to vacate the order dated February 27, 2006, and to deem the answer filed and served is denied, and the order dated February 27, 2006, is reinstated.

The process server's affidavit was sufficient to establish that process was properly served pursuant to CPLR 308 (2) (*see Granite Mgt. & Disposition v Sun,* 221 AD2d 186, 186-187 [1995]). Therefore, in support of his motion pursuant to CPLR 5015 (a) (1) to vacate his default in appearing or in answering the complaint, the defendant was required to demonstrate both a reasonable excuse for his default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Jaffery v MacMillan & Webb Enters., Inc.,* 27 AD3d 422, 423 [2006]; *Harkless v Reid,* 23 AD3d 622, 622-623 [2005]; *Kaufman & Satran v Sidbern Estates,* 4 AD3d 454 [2004]). The defendant's bare claim that service was ineffective pursuant to CPLR 308 (2) although he admitted that he received the summons and complaint by mail on September 17, 2005 was insufficient to rebut the presumption of proper service created by the affidavit of service, which stated that the sum-

mons and complaint were delivered to a person of suitable age and discretion at the defendant's residence on September 10, 2005 and mailed to the same address on September 16, 2005 (*see Koyenov v Twin-D Transp., Inc.*, 33 AD3d 967, 968-969 [2006]; *General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]; *Greenpoint Sav. Bank v Aponte*, 238 AD2d 376, 377 [1997]). Therefore, no hearing was required (*see Kelley v Chavez*, 33 AD3d 590 [2006]). Since this initial service was valid, the defendant's time to answer commenced on October 3, 2005, 10 days after service pursuant to CPLR 308 (2) was completed on September 23, 2005 (*see Greenpoint Sav. Bank v Aponte*, 238 AD2d 376 [1997]). However, the defendant gave no excuse for his initial three-month delay in answering.

Furthermore, even if the defendant's motion were deemed to be a motion pursuant to CPLR 317, the defendant failed to demonstrate that he did not personally receive notice of the summons in time to defend (*see Truscello v Olympia Constr.*, 294 AD2d 350, 351 [2002]; *De La Barrera v Handler*, 290 AD2d 476, 477 [2002]; *Schiller v Sun Rock Bldg. Corp.*, 260 AD2d 566 [1999]; *cf. Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]).

Finally, to obtain relief under CPLR 317 or 5015, the defendant was required to establish that he had a meritorious defense to the action (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]; *Udell v Alcamo Supply & Contr. Corp.*, 275 AD2d 453 [2000]). The defendant failed to demonstrate that this action was barred by the statute of limitations (*see* CPLR 203 [a], [c]; 214 [6]; 304; *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *Amodeo v Kolodny, P.C.*, 35 AD3d 773 [2006]; *Kerbein v Hutchison*, 30 AD3d 730, 732 [2006]; *Zorn v Gilbert*, 27 AD3d 731 [2006]). In addition, the defendant's unverified answer was insufficient to demonstrate a potentially meritorious defense (*see* CPLR 3021; *Bekker v Fleischman*, 35 AD3d 334 [2006]; *Swart v Lehmann*, 39 AD2d 807 [1972]), and the defendant's allegations regarding a meritorious defense were improperly asserted for the first time by the defendant's reply affidavit on the motion (*see National Loan Invs., L.P. v Piscitello*, 21 AD3d 537, 538 [2005]; *Hoyte v Epstein*, 12 AD3d 487 [2004]; *Jackson-Cutler v Long*, 2 AD3d 590 [2003]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendant's motion. Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.