Worldview Entertainment Holdings, Inc. v Woodrow (2022 NY Slip Op 02891)

Worldview Entertainment Holdings, Inc. v Woodrow

2022 NY Slip Op 02891

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 

Index No. 159948/14 Appeal No. 15841-15841A Case No. 2021-03262 2021-03263 

[*1]Worldview Entertainment Holdings, Inc., et al., Plaintiffs-Respondents,
v
Christopher Woodrow, Defendant-Appellant, Sarah Woodrow et al., Defendants.
Christopher Woodrow, Third-Party Plaintiff-Appellant,
v
Maria A. Cestone et al., Third-Party Defendants-Respondents.

Pinnisi & Anderson, Ithaca (Michael D. Pinnisi of counsel), for appellant.
Quinn McCabe LLP, New York (Simon Block of counsel), for Worldview Entertainment Holdings Inc., Worldview Entertainment Holdings LLC, Roseland Ventures LLC and Molly Conners, respondents.
Schenck Price Smith & King LLP, New York (Ryder T. Ulon of counsel), for Maria A. Cestone, respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered February 5, 2021, which granted Maria A. Cestone's and Molly Conners's motions for a protective order and denied defendant Christopher Woodrow's motion to compel discovery from plaintiffs, unanimously affirmed, with costs. Order, same court and Justice, entered June 10, 2021, which denied defendant's motion to vacate the note of issue and strike the case from the trial calendar, unanimously affirmed, with costs.
The motion court providently exercised its discretion in granting Cestone's and Conners's motions for a protective order precluding defendant from compelling them to answer document demands and interrogatories. The record shows that defendant never filed a third-party summons and complaint with the clerk of the court and never paid a separate index number fee, and he never served Conners with a third-party summons (see CPLR 1007; Rosenblum v 170 W. Vil. Assoc., 175 AD2d 702, 703 [1st Dept 1991] ["It is very basic that, as a general matter, jurisdiction cannot be obtained over a defendant except through strict compliance with the statutorily mandated procedures"]). Thus, the court had no jurisdiction over Cestone and Conners at the time of their motion. CPLR 3120 and 3130 permit the service of notices for document production and of interrogatories on parties to an action. As Cestone and Connors were not parties to the action at the time of their motion, defendant was permitted to serve them with subpoenas to obtain discovery (see CPLR 3120), which he did, and both produced documents and sat for depositions by defendant's counsel.
The court properly denied defendant's motion to compel discovery from plaintiffs. While plaintiffs waived their right to object generally to defendant's demands by failing to respond timely with the requisite particularity (CPLR 3122[a][1]), the three general categories of discovery defendant seeks on appeal are palpably improper (see Khatskevich v Victor, 184 AD3d 504, 504-505 [1st Dept 2020]; Zurich Ins. Co. v State Farm Mut. Auto. Ins. Co., 137 AD2d 401, 401-402 [1st Dept 1988]). First, there were no pending alter ego claims when the court issued its February 2021 order. Second, while defendant argues that he needs discovery about plaintiff Worldview Entertainment Holdings Inc.'s operations after he was terminated, because it will support his claim that Cestone and Conners breached fiduciary duties by mismanaging the company, as indicated, there were no pending direct claims against Cestone and Conners, including breach of fiduciary duty, as of February 2021. Third, defendant has not explained how discovery about litigation financing and witness payments would support or undermine any particular claim or defense.
The court properly denied defendant's motion to vacate the notes of issue in both the main and the third-party actions. As discussed, defendant is not entitled to the discovery he seeks because all his document demands were palpably [*2]improper. In addition, while he had filed a motion to compel continued depositions of Cestone and Conners, which was then pending, it was unlikely that that motion would be successful.
Moreover, defendant himself filed the note of issue in the third-party action and cannot now argue that the same note of issue should be vacated because there is discovery outstanding. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022