399 Broadway Holdings, LLC v Das (2025 NY Slip Op 03172)

399 Broadway Holdings, LLC v Das

2025 NY Slip Op 03172

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-07385
 (Index No. 700484/15)

[*1]399 Broadway Holdings, LLC, respondent, 
v
Dilip Das, et al., defendants, Majada, Inc., appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Koss & Schonfeld, LLP, New York, NY (Simcha D. Schonfeld and Jacob J. Schindelheim of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Majada, Inc., appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered August 22, 2022. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate (1) stated portions of a decision of the same court entered June 29, 2018, (2) so much of an order of the same court entered November 5, 2018, as, upon the decision entered June 29, 2018, granted those branches of the unopposed motion of SC Bromley I, LLC, which were for summary judgment on the amended complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, (3) a decision of the same court entered July 15, 2019, and (4) an order and judgment of foreclosure and sale (one paper) of the same court entered December 2, 2019, as, upon the decision entered July 15, 2019, granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property, and thereupon, pursuant to CPLR 306-b to dismiss the amended complaint insofar as asserted against that defendant.
ORDERED that the appeal from so much of the order entered August 22, 2022, as denied those branches of the motion of the defendant Majada, Inc., which were pursuant to CPLR 5015(a) to vacate stated portions of the decision entered June 29, 2018, and the decision entered July 15, 2019, is dismissed, as no appeal lies from an order denying a motion to vacate a decision (see Coradin v New York City Tr. Auth., 3 AD3d 547); and it is further,
ORDERED that the order entered August 22, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In January 2015, SC Bromley I, LLC (hereinafter SC Bromley), commenced this action against the defendant Majada, Inc. (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Queens. The defendant appeared by counsel and moved for leave to serve a late answer. By order entered October 11, 2016, the Supreme Court granted the defendant's motion and deemed the defendant's answer timely served. SC Bromley then [*2]moved, inter alia, for leave to file a supplemental summons and amended complaint. The amended complaint did not add any new claims for relief against the defendant. In an order entered July 10, 2017, the court granted SC Bromley's motion and directed SC Bromley to serve the supplemental summons and amended complaint upon all defendants named in the original summons and complaint at their last known address or at the address of their attorney. SC Bromley served the defendant with the supplemental summons and amended complaint in July 2017 by filing those papers electronically on NYSCEF, and via a mailing to the Secretary of State.
Thereafter, in an order entered November 5, 2018, the Supreme Court granted SC Bromley's unopposed motion, among other things, for summary judgment on the amended complaint insofar as asserted against the defendant, to strike its answer, and for an order of reference, and amended the caption to substitute 399 Broadway Holdings, LLC, as the plaintiff. In an order and judgment of foreclosure and sale entered December 2, 2019, the court granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
In April 2022, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate so much of the order entered November 5, 2018, as granted those branches of SC Bromley's unopposed motion which were for summary judgment on the amended complaint insofar as asserted against the defendant, to strike its answer, and for an order of reference, and the order and judgment of foreclosure and sale, and thereupon, pursuant to CPLR 306-b to dismiss the amended complaint insofar asserted against it. In support of the motion, the defendant argued that the Supreme Court lacked personal jurisdiction over it because SC Bromley failed to properly serve it with the supplemental summons and amended complaint. In an order entered August 22, 2022, the court denied the defendant's motion. The defendant appeals.
The Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015(a) to vacate the stated portions of the order entered November 5, 2018, and the order and judgment of foreclosure and sale. The defendant does not dispute that the court obtained personal jurisdiction over it upon the service of the original summons and complaint, and the defendant formally appeared in the action and interposed an answer to the original complaint (see U.S. Bank N.A. v Cadoo, 197 AD3d 588, 590). Moreover, the amended complaint did not add new causes of action against the defendant. Under the circumstances of this case, "[a]ny purported error in the service of the amended pleading upon [the defendant] was not jurisdictional in nature and, in the absence of any apparent prejudice to [the defendant], can and should be ignored by the court" (id.; see CPLR 3012[a]; Patrician Plastic Corp. v Bernadel Realty Corp., 25 NY2d 599, 607-608).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court