OPINION OF THE COURT
David B. Saxe, J.
If a Small Claims Court arbitrator renders a decision after trial, ordering relief that is beyond the jurisdiction of the Civil Court of the City of New York, may that determination be thereafter vacated despite the favored policy of attaching finality to awards of small claims arbitrators?
The essential facts are as follows:
Ms. Stephanie Scott sued Dale Carpet Cleaning, Inc., for damage to her beige Haitian cotton couch caused by the defendant’s allegedly defective cleaning process. On approximately May 8,1983, the claimant hired the defendant to clean her couch. She claims that the couch turned orange after the cleaning. This, she states, was occasioned by the improper use of a steam cleaning process. The defendant, who subcontracted the cleaning work out, readily admits that a water cleaning process is contraindicated. Instead, such material should be cleaned, he says, through a combined process of vinegar, foam and vacuuming.
When the case was submitted for arbitration, the arbitrator ruled that: “Defendant will redo couch and if not satisfactory, to report back July 20, 1983”. On July 20 the parties appeared before me.
Apparently, as a result of this decision, the defendant attempted to undo the damage by utilizing the correct cleaning process. He testified that 70% of all the orange *119 discoloration has been removed. The defendant now asks the court for one more chance to use the proper cleaning process so that all of the orange coloring can be removed.
The claimant, however, rejects this approach and seeks to vacate the arbitrator’s decision and to set the matter down for a trial de nova.
It is the claimant’s principal contention that the arbitrator had no power to render the award she did, because it exceeded the power of this court, and as such, is a nullity.
The Civil Court of the City of New York is a court of limited jurisdiction. (Siegel, NY Prac, § 581.) It possesses strictly limited equitable powers. (Goldstein v Stephens, 118 Misc 2d 614, 615.) Those equitable powers do not encompass the sort of equitable relief in the nature of specific performance awarded here. However laudable the motives of the small claims arbitrator may have been in securing substantial justice (CCA 1804; Siegel, NY Prac, § 582), her powers were limited to the granting of a monetary award not exceeding $1,500. (CCA 1801.)
Therefore, the arbitrator exceeded her jurisdictional powers. When that occurs, a reviewing court may vacate the award. (CPLR 7511, subd [b], par 1, cl [iii].) This is an obvious and proper exception to the rule that an arbitrator’s award is not generally reviewable. (CPLR 7511; Matter of Raisler Corp. [New York City Housing Auth.], 32 NY2d 274.)
On that basis, I granted the claimant’s motion to vacate the arbitrator’s award and proceeded to then conduct a trial. The claimant purchased the couch for approximately $665 from a well-known furniture store in Manhattan in 1980. She paid $82 for the cleaning service. The couch has now been 70% restored to its original color. Ms. Scott seeks $1,280, the claimed cost of replacement of the couch. Although cost of replacement may in certain circumstances be an appropriate remedy (Conboy v Studio 54, 113 Misc 2d 403; Dobbs, Remedies, § 5.12), it is not the proper measure here. The standard measure of money damages based upon diminution in value is appropriate here. Based upon a fair preponderance of the credible evidence, I find that the *120 claimant has suffered damages in the sum of $100 for which she is entitled to have a judgment entered.