OPINION OF THE COURT
William D. Friedmann, J.
Whether an arbitrator’s award in Small Claims Court can be reviewed or appealed is placed in focus by claimant’s motion to vacate and/or for a new trial.
Following trial (December 8, 1982), based upon automobile property damage, and additional expenses involving rental and storage charges, judgment was entered in claimant’s favor, on an arbitrator’s award in the total amount of $123.56.
Claimant, being dissatisfied, moved timely to vacate the arbitrator’s award. Special Term granted the motion, to the extent of setting the matter down for a hearing on February 24, 1983, in the Small Claims Part of the court.
A hearing into the grounds for vacating the award was held before this court on February 24, 1983. Decision was reserved. After inquiries by claimant it was discovered that the motion and decision thereon had been misplaced. A new hearing on the motion to vacate was held again before this court in Small Claims Part on September 9, 1983. Decision on the grounds for vacating was again reserved.
Claimant’s testimony at both hearings were compared and found to be identical. Claimant had been informed that he had a choice between trial before a Judge of the Civil Court and an arbitrator. That he could only appeal after a *874 trial before a Judge and that an arbitrator’s award would be -final and not appealable. He had voluntarily signed a consent to arbitrate card submitting his controversy to arbitration pursuant to the CCA and the rules on arbitration of the Civil Court pertaining to small claims and he agreed to be bound by any judgment entered upon the arbitrator’s award. It should be noted that small claims arbitrators are capable, diligent and dedicated volunteer members of the New York State Bar, who with little or no recognition, give of their time in the evenings to assist the Small Claims Part of the Civil Court of the City of New York in disposing of more than 60,000 proceedings per year. As to grounds for vacating the arbitrator’s award, claimant denied the existence of any corruption, fraud, partiality or misconduct affecting the award.
Instead, claimant maintained that the amount of the award was inadequate, and failed to take into account all the elements of his damage claim.
SCOPE OF REVIEW
Small claims hearings whether held before a Judge or arbitrator have as their common objective, the rendering of substantial justice between the parties.
However, certain procedural differences apply to hearings before a Judge and an arbitrator which have an eventual effect upon review and/or appeal. (Compare CCA 1804 with 22 NYCRR 2900.33.)
Section 2900.33 (o) of the Rules of the Civil Court of the City of New York (22 NYCRR; small claims rules of arbitration) in summary provides for (1) appointment of arbitrators; (2) execution of a consent to arbitrate; (3) authorization for hearings not to be bound by rules regarding the admissibility of evidence or the recording of testimony; (4) consent to finality of an award; and (5) entry of judgment upon an award.
While it seems clear that in small claims a judgment from either a Judge or arbitrator could possibly involve a constitutional question and be taken directly to the New York State Court of Appeals (CCA 1707), in other circumstances, a person commencing an action upon a small claim is deemed to have waived all right to appeal, except “on the *875 sole grounds that substantial justice has not been done between the parties according to the rules and principle of substantive [justice]” (CCA 1807, “Review”).
Any reasonable construction of CCA 1807 indicates that even such limited right of appeal is available only with respect to a hearing held before a Judge and not an arbitrator. This conclusion is dictated by consideration of the small claim rules of arbitration (22 NYCRR 2900.33 [o]) pertaining to the finality of an award and the absence of a stenographer’s record which forms the heart of any appeal. Such analysis justified the following advice to small claims litigants appearing in “A Guide to Small Claims Court” at section on “Appeals”, page 7 (State of NY, Off of Ct Admin — 1982): “If you are dissatisfied with the judgment rendered in your case and believe that justice was not done, you may appeal. However, you may only appeal after a trial before a judge, not before an arbitrator. You may appeal only on the ground that ‘substantial justice’ was not done in your case. Technical mistakes made during the trial are not grounds for reversing the decision. The appellate court will consider only whether a fair decision was rendered.” It further justified the highlighted legend on a Civil Court consent to arbitrate card (form 43-1041-4017-1204070[74]), “We Were Informed That Arbitrators Award Is Final, And That No Appeal Will Be Permitted”, and in the oath of the arbitrator on the reverse side “Litigants Were Informed That Arbitrator’s Award Is Final And No Appeal Is Permitted”. (See 22 NYCRR 420.3, No. 47, “Directive to clerk re small claims; consent to arbitrate cards”.)
Having concluded that a direct appeal of a small claims arbitrator’s award is not sanctioned by statute and that an arbitrator’s award is not subject to review based on errors of fact or law (see Roth v Egeth, NY County, index No. 9502/82), it is necessary to determine whether a small claims litigant can seek review of an arbitrator’s award by any other procedural means such as a motion to vacate or modify the award. 22 NYCRR 2900.33 (k), relating to small claims procedure, provides that all motions pertaining to small claims shall be returnable in the Small Claims Part. However, neither the CCA (art 18, “Small Claims”) *876 nor the Rules of the Civil Court (22 NYCRR 2900.33, “Small claims procedure”) and specifically the small claims rules of arbitration therein (22 NYCRR 2900.33 [o]) sets forth any provision or guideline for vacating or modifying an arbitration award. Faced with this procedural silence, which should be cured by legislative supplementation of the small claims rules of arbitration (22 NYCRR 2900.33 [o]), we must look elsewhere for guidance. A reading of CCA 1804 (“Informal and simplified procedure on small claims”) and CCA 2102 (“Civil practice, general provisions; CPLR applicable”) seems to indicate that when the CCA and rules do not provide guidance, that CPLR provisions should apply in the Civil Court if the CPLR provision can be made applicable and is not in conflict with small claims procedure.
Necessary reference to the CPLR leads to article 75 arbitration which has little similarity with small claims arbitration. However, it appears to this court that CPLR 7511, when read by itself, although not perfectly applicable, does offer the best guidance available in evaluating an application to vacate or modify a small claims arbitrator’s award.
CONCLUSIONS
In applying CPLR 7511 to the instant case, it is concluded that claimant’s application was timely made, but that claimant’s dissatisfaction with the amount of his recovery does not qualify under any of the enumerated and limited grounds under CPLR 7511, namely (1) corruption, fraud, misconduct; (2) partiality; (3) exceeding of power or imperfect execution thereof; and/or (4) failure to follow authorized procedure. (Scott v Dale Carpet Cleaning, 120 Misc 2d 118.) Therefore, claimant’s motion must be denied as errors of fact and/or law cannot be reviewed.
Upon denial of this motion to vacate, the small claims arbitrator’s award is confirmed. This decision applying CPLR 7511 is deemed appealable (CCA art 17, “Appeals”; 1702, subd [a], par 1).
In summary — if a small claims litigant is dissatisfied with the outcome of the case, review by appeal lies only if the case was tried before a Judge (except for a direct *877 constitutional appeal to the NY State Ct of Appeals — CCA 1707). No appeal is sanctioned from an arbitrator’s award, except if it is preceded by a motion to vacate or modify pursuant to CPLR 7511. Then, upon denial of such a motion, an appeal, confined to the restricted grounds of CPLR 7511, would be available.
Motion is denied.