■ LUCY LAURENZANO, Respondent, v SALVATORE F. LAURENZANO, Defendant, and MICHAEL S. LAURENZANO et al., Appellants. [635 NYS2d 668] —In an action, *inter alia*, to recover damages for fraud, the defendants Michael S. Laurenzano and Carolyn N. Laurenzano appeal from an order of the Surrogate's Court, Kings County (Bloom, S.), dated June 1, 1994, which denied their application to vacate a decree of the same court, dated August 10, 1987, insofar as it pertained to them.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the application which was to vacate so much of the decree dated August 10, 1987, as was against the appellant Carolyn Laurenzano, and substituting therefor a provision granting that branch of the application, vacating the decree as to that defendant, and severing the action against her; as so modified, the order is affirmed, without costs or disbursements.

It is well settled that the defense of laches cannot be interposed to defeat the vacatur of a void default judgment obtained in the absence of jurisdiction because laches cannot confer upon a court jurisdiction it does not have (*see, Berlin v Sordillo*, 179 AD2d 717, 720). In addition, evidence that a party had actual notice of a suit does not operate to cure defective service "since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" (*Feinstein v Bergner*, 48 NY2d 234, 241). Further, the usual requirement that a party moving to vacate a default judgment must demonstrate the existence of a meritorious defense to the action is inapplicable where the ground for vacatur is lack of jurisdiction over the person of the movant (*see, Boorman v Deutsch*, 152 AD2d 48, 51; *Skyline Agency v Ambrose Coppotelli, Inc.*, 117 AD2d 135, 149).

The record does not contain any evidence establishing that Carolyn Laurenzano was ever served with process, or that she ever appeared or authorized an attorney to appear on her

behalf in the action. Since jurisdiction was thus not obtained over Carolyn Laurenzano, the court erred in denying that branch of the application which was to vacate, as against her, the decree which had been entered on default in the action (see, CPLR 5015 [a] [4]).

However, the plaintiff has established that Michael Laurenzano had been served with the summons and complaint in the action. The affidavit of service submitted by the plaintiff contained "sufficient factual detail and descriptive information to establish prima facie that personal service was made" (Gordon v Nemeroff Realty Corp., 139 AD2d 492, 493). Although the plaintiff was unable to locate the process server, she established that she had exercised "due diligence" in attempting to locate him (see, CPLR 4531). In an attempt to rebut the plaintiff's prima facie showing, Michael Laurenzano denied having ever been served and denied that he fit the description contained in the affidavit. In addition, both he and Carolyn Laurenzano testified that he had been at work on the day service had been purportedly made upon him at his home. This evidence effectively rebutted the affidavit of service and, consequently, it became incumbent upon the plaintiff to establish jurisdiction by a preponderance of the evidence (see, Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135, supra, 139). The plaintiff then presented testimonial proof from nonparty witnesses which directly contradicted the defendants' proof.

In reviewing the evidence in this record, the Hearing Officer found the defense testimony to "be unworthy of belief", and this determination is entitled to great weight (see, Anton v Amato, 101 AD2d 819, 820). Indeed, where the evidence presents a "clear choice of polar opposites on the question of service, and the court resolved the conflict on the basis of evidence which was not incredible as a matter of law" the court's findings should not be disturbed "in the absence of a fair reason to do so" (McMullen v Arnone, 79 AD2d 496, 498). We find no reason to disturb the Surrogate's Court's findings on this issue and thus conclude that the plaintiff met its burden of establishing jurisdiction.

We have reviewed the parties' remaining contentions and find they are without merit. Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.