■ RUTH SPENCER, Appellant, v SANKO HOLDING USA, INC., Respondent. [669 NYS2d 298] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golia, J.), dated May 20, 1997, which, *inter alia,* granted the defendant's motion to compel the plaintiff to accept, among other things, its answer, and denied the plaintiff's cross motion, *inter alia,* for leave to enter a judgment upon the defendant's default in answering.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the cross motion is granted..

As a general rule, a default will be vacated and a late answer will be permitted and deemed timely served when a defendant can show that there is some merit to his defense and that there is some reasonable excuse for the delay (*see, Levy v Cusumano,* 204 AD2d 519; *McFadden v Battaglia,* 159 AD2d 700). The defendant failed to satisfy either requirement in this case. Indeed, the affirmation prepared by the defendant's attorney which was submitted in support of its motion did not even assert a defense. Further, the vague, conclusory assertions made "upon information and belief" which were set forth in the affirmation failed to constitute a reasonable excuse for the default. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.