OPINION OF THE COURT
Doris Ling-Cohan, J.
This is defendant’s motion to vacate an arbitrator’s award is *421 sued in the Small Claims Part[1] of this court. The underlying claim is for rent and for money allegedly owed to claimant for moving-in expenses. Defendant’s motion to vacate the January 8, 1998 arbitrator’s award is denied as defendant failed to establish grounds for vacatur pursuant to CPLR 7511.
Prior to the hearing of this matter, both sides agreed to proceed to trial before a small claims arbitrator[2] whose determination is to be final, with no right of appeal. (22 NYCRR 208.41 [n].) As such, this court may only vacate the arbitrator’s award if it is determined that the rights of the parties were prejudiced by: (i) corruption, fraud or misconduct in procuring the award; (ii) partiality of the arbitrator; (iii) arbitrator exceeded his/her power; or (iv) failure to follow authorized procedures. (See, CPLR 7511; Rymer v Leider, 122 Misc 2d 873 [Civ Ct, Queens County 1983].)
Consistent with the public policy in favor of arbitration, the grounds specified in CPLR 7511 are few in number and are narrowly applied. (See, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7511:2, at 771-772.) As stated in Apuzzo v County of Ulster (98 AD2d 869, 870, affd 62 NY2d 960 [1984]): “Because of the laudable purposes of arbitration, there is a clear judicial policy in favor of noninterference in this necessary and desirable alternative to litigation for dispute resolution.” Accordingly, a party seeking to vacate an arbitrator’s award has to meet a heavy burden in order to be successful. (See, North Syracuse Cent. School Dist. v North Syracuse Educ. Assn., 45 NY2d 195 [1978].) Every reasonable intendment is indulged in favor of the arbitrator’s award. (Matter of Hershovitz v Kaye Assocs., 170 AD2d 272 [1st Dept 1991].)
Although the Court of Appeals in North Syracuse Cent. School Dist. v North Syracuse Educ. Assn. (supra), in holding that a party seeking to vacate an arbitrator’s award has a *422 heavy burden, did not specifically deal with a small claims arbitration, the policy considerations favoring a small claims arbitration award are even more compelling. The purpose for which the Small Claims Part was created is to provide a forum for the relatively expeditious resolution of disputes at little cost to the litigants, that avoids complicated procedures and the need for attorneys. (See, L.H. v V.W., 171 Misc 2d 120 [Civ Ct, Bronx County 1996], and cases cited therein.) The usefulness of the Small Claims Part demands that, in general, finality attach to its pronouncements. (Levins v Bucholtz, 208 Misc 597, affd 2 AD2d 351 [1st Dept 1956].) As stated by the Appellate Term, First Department: “The litigants for whose benefit the Small Claims Part was created ought to have the feeling that its decision is the end, not a mere intermediate stage, of their law suit.” (Supra, at 600.) Permitting a small claims arbitration decision to be easily vacated would defeat the purpose of the Small Claims Part.
At the outset, the court notes that defendant fails to specify which of the enumerated grounds of CPLR 7511 is the basis for which she seeks vacatur. It is only in defendant’s reply that specific grounds are stated. However, the function of a reply affidavit is to answer the arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of the motion. (See, Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218 AD2d 624 [1st Dept 1995].)
In the reply the defendant asserts that she “brought this motion pursuant to CPLR § 7511 (b) [(!)] (ii), on the grounds that the arbitrator was partial to the claimant, and failed to conduct a fair hearing”. An attack based upon the ground of partiality, however, requires a showing of prejudice to the aggrieved party as a result of the arbitrator’s actual partiality or the appearance of such partiality. (See, Artists & Craftsmen Bldrs. v Schapiro, 232 AD2d 265 [1st Dept 1996].) Upon review of the submitted papers, the court finds that such a showing has not been made.
Defendant alleges that, at the arbitration hearing of this case, she was denied a fair opportunity to present her defense. According to defendant, during the presentation of her defense the arbitrator “cut [her] off’, she was not given the opportunity to cross-examine claimant or claimant’s witness, nor was she permitted to question her witnesses as to the issues in dispute.
Assuming arguendo that defendant was not allowed to continue her presentation of her defense, at no point in her *423 moving papers does defendant indicate what additional information she would have provided, what it would have established, or how it would have changed the result in this case. Further, by her own admission, defendant did have an opportunity to cross-examine, although perhaps not to the extent she wished. She also does not indicate what further cross-examination would have brought out. It is within the arbitrator’s authority to reasonably limit the cross-examination of witnesses as the hearing is not constrained by the substantive or evidentiary rules that a court of law might otherwise be. (See, Medivix, Inc. v Shnayer, 160 AD2d 911 [2d Dept 1990].) Moreover, also by defendant’s own admission, her witnesses were allowed to testify through the eliciting of answers by the arbitrator. Although defendant claims that her witnesses were not allowed “to make statements”, in the course of a hearing or trial, witnesses are generally not permitted to “make statements”, as defendant would have preferred.
Furthermore, the affidavits submitted by defendant’s witnesses in support of the within motion indicate that defendant’s witnesses have little personal knowledge of the events which lead to this action. Witness Vickie-Lee Wall states in her affidavit in support that, “defendant asked me to appear as a witness because she had confided in me throughout the period during which she rented a room from claimant”. Her only personal knowledge appears to be regarding the move itself. She does not claim to have personal knowledge as to how much rent was owed or how much money was borrowed, but rather her “knowledge” appears to have been solely derived from defendant’s self-serving statements to her.
Similarly, defendant’s other witness, Elizabeth Menes, also does not appear to have any personal knowledge or a basis for her conclusory statement that “defendant did not owe claimant any money”. She does appear to have helped defendant move into the apartment and has personal knowledge to that event only. However, the fact that defendant moved into the apartment is not in dispute. Thus, it does not appear that, if in fact her testimony was indeed limited by the arbitrator, this action indicated “partiality” or was in any way violative of CPLR 7511.
Further, the mere fact, asserted by defendant, that claimant’s mother was allowed to stay in the room during the hearing, even if true, is not an indication of partiality. Partiality on the arbitrator’s part must be clearly established to warrant vacatur of an award. (See, Matter of Isbrandtsen Tankers v National *424 Mar. Engrs. Beneficial Assn., 236 NYS2d 808 [Sup Ct, Kings County 1962].) Moreover, claimant denies that her mother was permitted to stay in the room during the hearing.
Defendant also indicates that “I never borrowed money from Claimant or from her mother in any amount * * * [e]ven if I had borrowed money from her mother, I am advised that Claimant would have no right to sue on her mother’s behalf’, and thus, seems to assert a lack of standing defense. Such a defense, however, is also not a basis for vacatur of the January 8, 1998 arbitrator’s award. As noted above, since arbitrators are not bound by principles of substantive law or rules of evidence, but solely by a duty to reach a just result, without regard to technicalities, even a misapplication of the law will not warrant that an award be set aside. (See, Matter of Associated Teachers v Board of Educ., 33 NY2d 229 [1973].) Questions as to whether the conclusion of an arbitrator is right or wrong will not be considered by a court of law. (See, Matter of Colletti [Mesh], 23 AD2d 245, affd 17 NY2d 460 [1965].) Courts will not set aside arbitration awards even where the factual findings or the legal conclusions are unsound. (Matter of Sprinzen [Nomberg], 46 NY2d 623 [1979].) In addition, it appears that the testimony taken on the issue of whether the money borrowed was owed to claimant or her mother was conflicting. Moreover, claimant’s mother appeared at the hearing and testified in support of the claim that the borrowed money was owed to her daughter. Thus, the arbitrator’s conclusion that the money was owed to the claimant appears to have been supported by the testimony.
Accordingly, defendant’s motion is denied. The January 8, 1998 arbitrator’s award remains in effect.

. The Part in which small claims actions are litigated is often called “Small Claims Court”. It is, however, a part of a larger court. In New York City the Small Claims Part is located within the Civil Court. (CCA 1801 et seq.)

. It should be noted that small claims arbitrators serve a valuable function in the Small Claims Part of this court. These volunteer members of the New York State Bar listen to and dispose of many cases which appear each night on the court’s calendar, with little or no recognition. Without their services the Small Claims Part would undoubtedly come to a grinding halt and this court would be unable to fulfill its mandate to provide speedy and efficient justice.