OPINION OF THE COURT
Kevin J. Kerrigan, J.
May a defaulting defendant who failed to appear and participate in a small claims arbitration have the subsequent award vacated without establishing the necessary grounds for vacatur *854 pursuant to CPLR 7511? For the reasons stated below, this Court answers the question in the affirmative.
This small claims[1] action arises from a motor vehicle accident which occurred on June 1, 2000. On August 28, 2000, Widelec and defendant Silberstein, with his counsel, were the only parties who appeared for trial. Both Widelec and Silberstein’s counsel signed a written consent to have the action tried that night before an arbitrator, instead of waiting to have the action tried before a judge sitting in the Small Claims Part. Defendants Lopez and Zelaya neither appeared nor participated in the arbitration. After trial, the arbitrator dismissed the claim against Silberstein, but awarded a judgment in the sum of $2,552 against Lopez and Zelaya.
Nearly seven months after the judgment, the defaulting defendants now move to vacate the arbitrator’s award. Both defendants acknowledge receipt by mail of the claim against them. However, they assert as an excuse for their default that Zelaya, the owner of one of the vehicles involved in the accident, took the claim to his insurance broker, who allegedly told him that they did not have to do anything, since the claim would be turned over to Zelaya’s insurance company, which would take care of everything. Additionally, both defendants assert a basic inability to speak or understand English. As a result, neither Lopez nor Zelaya appeared at trial, each claiming that the insurance company never told them that an appearance was required.
In terms of a meritorious defense, Lopez, the driver of Zelaya’s vehicle, states that while proceeding northbound on 215th Street (a two-way street), just past 69th Avenue, in Bay-side, New York, he noticed Silberstein’s vehicle parked two to three feet from the right curb. As Lopez attempted to pass the vehicle on the left, Silberstein backed up and swung left while attempting to parallel park, and hit Lopez’ right front tire and wheel area, causing Lopez to lose control. His vehicle struck a parked vehicle, which then struck Widelec’s vehicle parked in front of it. According to this version of the accident, these defendants may bear little, if any, responsibility for causing the accident.
*855 In seeking to vacate a default judgment under CPLR 5015 (a) (1), a moving defendant must establish an excuse for the default as well as a meritorious defense to the action (see, Spencer v Sanko Holding USA, 247 AD2d 532; Levy v Cusumano, 204 AD2d 519; McFadden v Battaglia, 159 AD2d 700). The motion must be made within one year after service of a copy of the judgment with written notice of its entry upon the moving party (see, CPLR 5015 [a] [1]). Here, under an analysis of CPLR 5015 (a) (1), the default should be vacated, since a reasonable excuse for the default (see, Perez v Linshar Realty Corp., 259 AD2d 532 [reasonable excuse for vacating default in defendant’s reliance on its insurer to interpose an answer]), as well as a meritorious defense, have been established. In addition, the motion was made within one year after service of a copy of the judgment upon the defendants. Were the action tried before a judge, the analysis would end, and the default would be vacated. However, the fact that the default was granted by a small claims arbitrator requires a further analysis before a decision may be rendered.
Article 18 of the New York City Civil Court Act, as well as section 208.41 of the Uniform Civil Rules for the New York City Civil Court (22 NYCRR 208.41), govern small claims litigation. While article 18 is silent with respect to small claims arbitration procedures, the procedures are addressed in the Uniform Civil Rules. The parties to any controversy may submit the same for arbitration, provided the parties sign a consent to arbitrate, which must be filed with the clerk of the Small Claims Part (22 NYCRR 208.41 [n] [1], [2]).
Furthermore, section 206 of the Civil Court Act states, in essence, that CPLR article 75 shall apply to an arbitrable controversy and to the recognition of an arbitration award. The Uniform Civil Rules also provide that “[w]here the parties agree to arbitrate a claim under NYCCCA 206, arbitration proceedings shall be conducted in accordance with CPLR article 75.” (22 NYCRR 208.40 [b].)
It is clear, therefore, that article 75 applies to small claims arbitration when the parties agree to arbitrate the claim (see, e.g., Landro v D'Amond, 180 Misc 2d 420; Rymer v Leider, 122 Misc 2d 873). In Landro v D'Amond (supra), the court denied defendant’s motion to vacate a small claims arbitrator’s award for the reason that no grounds for vacatur were established pursuant to CPLR 7511. Both sides had agreed to proceed to trial before an arbitrator, and defendant later sought to attack the award upon the ground that the arbitrator was partial to *856 the claimant. Likewise, the court in Rymer v Leider (supra) stated that claimant’s dissatisfaction with the amount of the arbitrator’s award is not a basis for vacatur under CPLR 7511.
The instant case is distinguishable from Landro and Rymer in that here all parties did not consent to arbitrate the claim before the small claims arbitrator. In the aforementioned cases, the parties consented to arbitrate. Since Lopez and Zelaya never consented to small claims arbitration,[2] CPLR 7511 is inapplicable. In terms of the Uniform Civil Rules, referenced above, arbitration proceedings shall be conducted in accordance with CPLR article 75 where the parties agree to arbitrate a claim (22 NYCRR 208.40 [b]). Absent consent by all parties to arbitrate, article 75 does not apply in this Court’s view. Notwithstanding the clear judicial policy favoring noninterference with an arbitrator’s award (see, Matter of Apuzzo v County of Ulster, 98 AD2d 869, 870, affd 62 NY2d 960), the standard for vacatur of a small claims arbitrator’s award based upon a default should not be more stringent than if the default had been entered before a judge, before whom defendant would have one year to move to vacate the default. It is also well settled that courts favor dispositions of actions on the merits (see, Bell v Toothsavers, Inc., 213 AD2d 199, 200; Lirit Corp. v Laufer Vision World, 84 AD2d 704).
As a result, these defendants are relieved from the requirement of moving to vacate the award within 90 days after its delivery (CPLR 7511 [a]). Yet the defendants should be penalized for their delay in moving to vacate the default. The Court, in its discretion (see, CPLR 5015 [a]), awards the sum of $50 as costs for granting this motion, said sum being the maximum allowed pursuant to the provisions of the Civil Court Act (CCA 1906 [a]). These costs are payable by Zelaya’s insurance carrier, Infinity Insurance Company, the entity responsible for controlling the defense, to the claimant. Proof of payment must be submitted to either the court or the small claims arbitrator at the time of trial.
The goal of the Small Claims Part is to do substantial justice among the parties (see, CCA 1804). In that light, the dismissal against Silberstein, the appearing defendant, is hereby vacated. Silberstein and his counsel are directed to appear for trial of this action.
It is apparent that, accepting Lopez’ version of how the accident happened for the purpose of this motion, Silberstein *857 may bear some responsibility for causing this accident. The sum of $50 is awarded as motion costs for vacating the dismissal against Silberstein (CCA 1906 [a]). That sum is also directed to be paid by Infinity Insurance Company to Silberstein’s counsel for the benefit of Silberstein. Proof of payment must be submitted to either the court or the small claims arbitrator at the time of trial.
Accordingly, upon the foregoing, the motion to vacate the default is granted.

. “Small Claims Court” is not a separate court in the City of New York. It is a separate part of the New York City Civil Court (see, CCA 1801, 1802). Small claims arbitrators serve in the Small Claims Part. These arbitrators are volunteer members of the New York State Bar who assist in hearing and disposing of many cases on the court’s calendar. Their assistance is invaluable.

. The consent to arbitrate is typically executed by the parties on the night that the case is tried by the arbitrator.