■ MELVIN STEELE, Appellant, v HEMPSTEAD PUB TAXI, Respondent, et al., Defendants. [760 NYS2d 188] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated June 24, 2002, as granted that branch of the motion of the defendant Hempstead Pub Taxi which was to vacate its default in answering the complaint and to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff named Hempstead Pub Taxi (hereinafter Hempstead Pub), a sole proprietorship, as a party defendant without naming its owner, Otis Holley, as a party to the action. The Supreme Court concluded, inter alia, that it did not have personal jurisdiction over Hempstead Pub since the plaintiff failed to serve it by delivery of process to an agent designated to accept service in accordance with CPLR 311.

The plaintiff correctly contends that the Supreme Court mistakenly determined that service of process was governed by CPLR 311, which is the section applicable to service of process upon corporations, since Hempstead Pub is a sole proprietorship. In addition, as the plaintiff correctly contends, CPLR 308 (2) is the governing section for service of process upon a sole proprietorship (*see generally Kaczorowski v Black & Adams,* 293 AD2d 358 [2002]).

Although a copy of the summons and complaint was served upon a person of suitable age and discretion at the actual place of business of Hempstead Pub (*see* CPLR 308 [2]; *City of New York v Chemical Bank,* 122 Misc 2d 104, 108-109 [1983]; *see also Roldan v Thorpe,* 117 AD2d 790 [1986]; *Prochillo v Acker,* 108 AD2d 800 [1985]), the plaintiff failed to mail a copy to Hempstead Pub's actual place of business in accordance with CPLR 308 (2). Accordingly, the Supreme Court did not have personal jurisdiction over Hempstead Pub.

The Supreme Court properly granted that branch of Hempstead Pub's motion which was to vacate its default in answering the complaint and to dismiss the complaint insofar as asserted against it since the court had not acquired personal jurisdiction over it and the default judgment entered against it was a nullity (*see DeMartino v Rivera,* 148 AD2d 568 [1989]; *Chase Manhattan Bank, N.A. v Carlson,* 113 AD2d 734 [1985]). Hempstead Pub was not required to demonstrate a reasonable excuse or a meritorious defense to vacate its default in answering the complaint since there was no personal jurisdiction (*see European Am. Bank & Trust Co. v Serota,* 242 AD2d 363 [1997]; *Laurenzano v Laurenzano,* 222 AD2d 560 [1995]). S. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.