■ KAUFMAN & SATRAN, LLP, Respondent, v SIDBERN ESTATES, INC., et al., Appellants, et al., Defendants. [771 NYS2d 693]—

In an action to recover damages for breach of contract, the defendants Sidbern Estates, Inc., Hevrat Kiryat Neve Itzchak, Ltd., and Parcels 103 and 104 In Block 3709, Ltd., appeal from an order of the Supreme Court, Nassau County (Franco, J.), dated December 12, 2002, which granted the plaintiff's motion for leave to enter a default judgment against them upon their failure to appear or answer and denied their cross motion, in effect, to vacate their default and to dismiss the complaint insofar as asserted against them on the grounds of forum non conveniens and another action pending.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

A party seeking to vacate a default in appearing or answering must make a showing of a justifiable excuse for the default, and a meritorious defense (see Hazen v Bottiglieri, 286 AD2d 708 [2001]; Miles v Blue Label Trucking, 232 AD2d 382 [1996]). In the instant case, the appellants made a sufficient showing of both a justifiable excuse and a meritorious defense. In addition, there was no prejudice to the plaintiff as a result of the relatively short delay.

The appellants were entitled to dismissal of the complaint insofar as asserted against them since the plaintiff's application to recover the same legal fee was still pending in a New York County action (see CPLR 3211 [a] [4]). Santucci, J.P., Goldstein, Schmidt and Cozier, JJ., concur.