■ LOIS HARKLESS, Appellant, v SHARON REID et al., Respondents. LIBERTY MUTUAL INSURANCE COMPANY, Also Known as LIBERTY MUTUAL GROUP, Intervenor-Respondent. [806 NYS2d 214]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 2, 2004, as granted that branch of the motion of the intervenor, Liberty Mutual Insurance Company, also known as Liberty Mutual Group, which was to vacate a judgment of the same court dated March 9, 2000, entered against the defendants upon their default in answering the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to vacate the judgment as against the defendants Port Motors Daily Rental, Inc., Marvin Oliver, and Trina C. Mathewson, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly was injured when the automobile in which she was a passenger, driven by the defendant Sharon Reid and owned by the defendant Port Motors Daily Rental, Inc., was involved in an accident. When the defendants failed to answer the complaint, the Supreme Court granted the plaintiff leave to enter judgment against them. After judgment was entered, the plaintiff commenced a separate action against the Liberty Mutual Insurance Company, also known as Liberty Mutual Group (hereinafter Liberty Mutual), which insured the vehicle. Liberty Mutual moved, inter alia, for leave to intervene as a defendant in the personal injury action and to vacate the judgment. The Supreme Court granted the motion.

Having recognized its obligation to indemnify the defendants, Liberty Mutual is an "interested person" within the meaning of CPLR 5015 (a) (*see Halali v Vista Envts., Inc.,* 8 AD3d 435 [2004]) and the Supreme Court properly entertained its motion to vacate the judgment entered against its insureds. The Supreme Court providently exercised its discretion in granting Liberty Mutual's motion to vacate the judgment against the defendant Reid.

Although a party moving to vacate a default must normally demonstrate a reasonable excuse and a meritorious defense (*see* CPLR 5015; *Kaufman & Satran v Sidbern Estates,* 4 AD3d 454 [2004]; *Spencer v Sanko Holding USA,* 247 AD2d 532 [1998]),

the movant is relieved of that obligation when lack of personal jurisdiction is asserted as the ground for vacatur (*see Steele v Hempstead Pub Taxi,* 305 AD2d 401 [2003]; *European Am. Bank & Trust Co. v Serota,* 242 AD2d 363 [1997]; *Laurenzano v Laurenzano,* 222 AD2d 560 [1995]). Here, the affidavit of the plaintiff's process server failed to demonstrate compliance with the statutory requirements that the process server exercise "due diligence" before serving Reid by "nail and mail" service and that a copy of the summons be mailed to Reid (*see* CPLR 308 [4]; *Gurevitch v Goodman,* 269 AD2d 355 [2000]). As a result, the court did not acquire personal jurisdiction over Reid and the judgment was a nullity as against her (*see New York & Presbyt. Hosp. v Dollar Rent-A-Car Sys.,* 295 AD2d 488 [2002]; *Laurenzano v Laurenzano, supra*).

However, the Supreme Court improvidently exercised its discretion in vacating the default judgment insofar as it was entered against the other defendants. Because Liberty Mutual's motion in this regard was predicated on the plaintiff's purported failure to comply with CPLR 3215 (f) and (g) (4), and not the absence of personal jurisdiction, Liberty Mutual was required to demonstrate a reasonable excuse and a meritorious defense to the complaint (*see Kaufman & Satran v Sidbern Estates, supra* at 454; *Crespo v A.D.A. Mgt.,* 292 AD2d 5, 10 [2002]). Since it established neither, the Supreme Court exercised its discretion improvidently in granting the motion to vacate the default with respect to these defendants. Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.