Wolosyn v CDS MSL Hard Rd. 2 Hous. Dev. Fund Co., Inc. (2025 NY Slip Op 51928(U))

[*1]

Wolosyn v CDS MSL Hard Rd. 2 Hous. Dev. Fund Co., Inc.

2025 NY Slip Op 51928(U)

Decided on December 9, 2025

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 9, 2025
Justice Court of the Town of Webster, Monroe County

Luanne Wolosyn, Petitioner,

against
CDS MSL Hard Road 2 Housing Development Fund Co., Inc., Respondent.

Case No. 25070155

Empire Justice Center, (A.J. Durwin of Counsel), for petitioner
Woods Oviatt Gilman LLP (Robert J. Marks of Counsel), for respondent. 

Thomas J. DiSalvo, J.

History of the Case.
A Notice of Petition and Petition pursuant to RPAPL Article 7-D was filed with this court. Said matter was returnable on August 12, 2025 at 8:30 A.M. The matter did in fact came on to be heard on that date and time. Appearing for the petitioner was A.J. Durwin, Esq. Filed with the court was an "Affidavit of Service Through the Secretary of State". Said affidavit attested to the fact that the respondent was served by delivering a copy of the Notice of Petition and Petition on the NYS Secretary of State on July 29, 2025 pursuant to Section 306 of the Not for Profit Corporation Law, which states in pertinent part " The secretary of state shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose."[FN1]
Neither the respondent nor an attorney appeared on the said return date of the motion. Nor was the court made aware that Woods Oviatt Gillman LLP was counsel to the respondent and that it had been in active communication with Empire Justice Center for some months prior to the said petition being filed with the court. Furthermore respondent's attorney advises in his affirmation that his office was not provided with a courtesy copy of the pleadings at the time the originals were filed the Secretary of State. Although not required, that would have put respondent's attorney on [*2]notice of the upcoming court date in time for a response to the petition to be prepared and filed with the court. 
In any event, since the respondent failed to appear and a valid affidavit of service was filed with the court, petitioner's attorney's oral motion for a default judgment was granted. Counsel for the respondent was directed to prepare a proposed Default Order, which the court executed on August 13, 2025. On or about September 5, 2025 a Notice of Motion to Vacate Default Judgment with supporting affirmations and a memorandum of law were filed with this court by the respondent's attorney. Petitioner's attorney filed an Affirmation in Opposition to Respondent's Motion to Vacate and a Memorandum of Law in Opposition to Respondent's Motion to Vacate. The said motion to vacate the default judgment was returnable on October 15, 2025. At that time the matter was adjourned by the parties for a hearing on the issue of a meritorious defense to the said default.
Facts of the Case.
The court makes the following pertinent Findings of Fact relative to the time line herein.
July 25, 2025 - Petitioner filed an Affirmation to Proceed In Forma Paupris.
July 28, 2025 - The court signs an Order permitting the petitioner to proceed In Forma Paupris.
On or about July 28, 2025 - The petitioner filed with the court a Notice of Petition, dated July 25, 2025 under the Real Property Actions and Proceedings Law Article7-D, accompanied by a Verified Petition executed by the petitioner. Said proceeding was returnable before this court on August 12, 2025 at 8:30 A.M.
July 29, 2025 - A hard copy of the Notice of Petition and Verified Petition with Supporting Papers is served on the Office of the New York Sate Secretary of State, pursuant to NYS Not-For Profit Corporation Law § 306.
August 5, 2025 - The NYS Department of State sends a copy of said Notice of Petition and Verified Petition to the respondent by certified mail, return receipt requested to the legal address of the respondent.
August 11, 2025 - The Notice of Petition and Verified Petition was delivered to the front desk of the respondent in Webster, New York by the United States Postal Service at 10:32 A.M. There is no record of who actually received said certified mail on behalf of the respondent.[FN2]

August 12, 2025 - Petitioner and her attorney appear in this court in furtherance of said proceeding. There is no appearance by or on behalf of the respondent. The court granted petitioner's motion for a default judgment. The matter was originally set down for an inquest hearing on September 9, 2025.
August 13, 2025 - The court signed the Default Judgment Order. 
August 22, 2025 - The NYS Department of State mailed copies of a Notice of Entry of the Default Judgment Order and the Default Judgment Order with a cover letter dated August 22, 2025.
August 29, 2025 - Respondent received the Notice of Entry of the Default Judgment Order and the Default Judgment Order with a cover letter dated August 22, 2025 via the U.S. Mail.
September 5, 2025 - Respondent's attorney filed a motion to vacate the default judgment which was returnable on October 15, 2025.
Legal Analysis
Reasonable Excuse for Non-Appearance and Meritorious Defense. The respondent did not become aware of the proceeding until it received certified mail from the NYS Secretary of State on August 11, 2025 at approximately 10:32 A.M. Said mail contained the Notice of Petition and Petition in this matter. Thus the said certified email was received by the respondent less that 24 hours before the scheduled court date. Two provisions of the CPLR are relevant. CPLR § 5015 (a) (1) states as follows:
"The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry"
It is noted that there is no requirement in said rule that the party, against whom the default is taken, of the need to demonstrate that said party has a meritorious defense.
CPLR § 317 states as follows: 
"A person served with a summons other than by personal delivery to him or to his agent for service[emphasis added] designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after [*3]such entry, upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense [emphasis added]. If the defense is successful, the court may direct and enforce restitution in the same manner and subject to the same conditions as where a judgment is reversed or modified on appeal. This section does not apply to an action for divorce, annulment or partition."
This section requires the defaulting party, that was not served personally directly or through its agent, to show that "he did not personally receive notice of the summons in time to defend and has a meritorious defense".[FN3]
"The premise of CPLR 317 is that the court acquired jurisdiction. By hypothesis, plaintiff had a proper basis of jurisdiction over defendant and satisfied the statutory requirements for service of process. If service was jurisdictionally defective for any reason (lack of jurisdictional basis, improper service, formal defect in the summons), the default judgment would be void. Defendant's remedy would be vacatur of the default (CPLR 5015(a)(4)) and dismissal of the action. A jurisdictional defect, in other words, is sufficient ground by itself to vacate the default, and the defendant cannot be required to make the two-part showing required by CPLR 317. See, e.g., Steele v. Hempstead Pub Taxi, 2003, 305 AD2d 401, 760 N.Y.S.2d 188 (2d Dep't). Indeed, the United States Supreme Court has held that it is unconstitutional to require a defendant to proffer a defense on the merits as a condition to vacating a judgment for lack of jurisdiction. Peralta v. Heights Medical Center, Inc., 1988, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75. There is inherent harm in the entry of a judgment in such cases, said the Court, regardless of whether the defendant has a defense on the merits. As a practical matter, for example, the defendant might have been able to negotiate a settlement, pay the debt, or sell its assets for a good price at a private sale rather than suffer the relatively low price generated at a judgment sale." (Alexander, Practice Commentaries, McKinney's, Cons Laws of NY, CPLR § C317:1 )
In this case the defendant was personally served by way of its agent, the NYS Secretary of State. As a result the requirement that the defaulting party present a meritorious defense does not apply to the facts of this case. Instead the court must rely on CPLR § 5015 (a) (1) in making its decision relative to vacating the default judgment. The case of Benadon v. Antonio, 10 AD2d 40, 197 N.Y.S 2d 1 {1960] is cited as authority for the meritorious defense requirement. Reliance on that case relative to that issue is misplaced. The court in Benadon stated " A corollary rule, however, is that before a default judgment will be opened, the defendant may [emphasis added] be required to make full and complete disclosure of a meritorious defense. That language implies that the need for the defaulting party to provide a meritorious defense is optional, i.e. that [*4]it is left up to the sound discretion of the court to demand proof of a meritorious defense.[FN4]
In a more recent case, the Court stated "In contrast to a motion pursuant to CPLR 317, on a motion pursuant to CPLR 5015(a)(1), the movant is required to establish a reasonable excuse for his or her default." (Dwyer Agency of Mahopac, LLC v. Dring Holding Corp., 164 AD3d 1214,1216, 82 N.Y.S.3d 118,120 [2d Dept 2018}). That case reaffirms the rule that a motion pursuant CPLR § 5015 (a) (1) does not require the additional necessity of establishing a meritorious defense. Furthermore, "The courts are liberal in vacating default judgments. They want disputes resolved on the merits and are therefore inclined, practically speaking, to accept a generous range of excuses, sometimes even vacating deliberate defaults".(Siegel, New York Prac § 427 [6th ed])
Conclusion.
The facts of this case, wherein the respondent did not receive notice that the present action was filed with the court until the morning before the return date, demonstrate a situation that would make it very difficult. if not impossible, for respondent to formally respond to the pleadings. That is the very definition of an excusable default. In addition, had the attorney for the respondent appeared on the return date of August 12, 2025, he in all probability would have requested an adjournment to respond in writing to the pleadings his client received the day before. That is evidenced by the pleadings attached to his motion herein. Under the facts of this case a refusal to grant such an adjournment would be an abuse of the courts judicial discretion. In the event of an adjournment, the date for the petitioner to be heard on her petition would then be postponed to a subsequent date.
RPAPL § 797-h states
"At or prior to the time the petition is to be heard the respondent may answer orally or in writing. If the answer is oral the substance thereof shall be recorded by the clerk or, if a particular court has no clerk, by the presiding judge or justice of such court, and maintained in the case record. The answer may contain any legal or equitable defense."
Thus the Default Judgment Order issued by this court on August 13, 2025 is hereby vacated.
The need for the respondent to provide prime facie proof of a meritorious defense is hereby obviated for the reasons previously set forth in this decision. This constitutes the decision and order of this court.
Dated: December 9, 2025
Webster, New York
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1:(Section 306 of the NYS Not-For-Profit Corporation Law also states "Electronically submitting a copy of the process to the department of state together with the statutory fee, which fee shall be a taxable disbursement, through an electronic system operated by the department of state, provided the domestic or authorized foreign corporation has an email address on file in the department of state to which the secretary of state shall email a notice of the fact that process has been served electronically on the secretary of state." However, the pleadings herein were not electronically served on the Secretary of State.)

Footnote 2:(This was confirmed by the USPS tracking confirmation form which indicated it was "delivered to the front desk, reception area, or mail room at 10:32 on August 11, 2025 in WEBSTER, NY 14580.)

Footnote 3:(Id.)

Footnote 4:(Furthermore this case, decided in February of 1960, was not interpreting a provision of the Civil Practice Laws and Rules. "The CPLR became effective on September 1, 1963...." (Siegel, New York Prac § 2, at 2 [4th ed])