■ JEROME R. LEWIS et al., Doing Business as LEWIS TAX SYSTEMS, Appellants, v UNIVERSAL TAX SYSTEMS, INC., Respondent.—Judgment and order, Supreme Court, New York County, entered December 13, 1974 and December 20, 1974, respectively, after a nonjury trial, dismissing the complaint and awarding defendants judgment on their counterclaim unanimously affirmed, with $60 costs and disbursements of this appeal to respondent. Plaintiffs in this action had entered into a contract for the purchase of the defendant corporation, which was engaged in the preparation of income tax returns. The individual defendants were principals of the corporation. The agreement provided, *inter alia,* that the sellers would obtain an assignment of the remainder of the lease term from the landlord in favor of the plaintiffs. In addition, the sellers were to arrange for the existing business telephone number to be transferred to the plaintiffs. At the closing, the purchasers paid $2,000 cash and delivered six promissory notes totaling $6,900, and all contained acceleration clauses in the event of a default in payment. The contract provided further that the purchase price could be adjusted either upward or downward in the event the gross receipts were either less or more than $7,900 for the period January 1, 1973 through April 15, 1973. The business was in fact not conducted for that long a period of time. The gross receipts for January and February, 1973 were $2,100. The testimony at trial clearly revealed that the assignment of the lease was

effectuated and also that the telephone number was made available to the plaintiffs. The former was made subject to a lien by plaintiffs' then counsel for failure of plaintiffs to pay attorneys' fees, and the latter was disallowed by the telephone company when plaintiffs failed to deposit certain funds with the telephone company timely. The trial court found, and we agree, that the sellers did not breach the contract and therefore the complaint should be dismissed. There were three counterclaims alleged by the defendants. The first was to recover the $6,900 owed on the promissory notes. In view of the fact that the plaintiffs breached the contract, the judgment in favor of the defendants was appropriate as to the face amount of the notes. The second counterclaim was for the return of the money deposited in court by the defendants as security, which money was to be released to the defendants in the event the plaintiffs' action was dismissed. The court properly directed release of these funds. The third counterclaim was for indemnity of defendants for their payment of rents recovered by the landlord in a summary proceeding, which was allowed by the court with the exception of $389.10 attributable to alleged damage to the premises and the cost of reletting. The court found that these damages were not proven. We find that the trial was conducted by the court with patience and propriety. We also find that the court providently exercised its discretion when it declined to allow plaintiff himself, an attorney, to participate with his retained counsel in the examination of witnesses. We have accordingly affirmed the judgment and order of Trial Term. Concur—Kupferman, J. P., Birns, Silverman, Lane and Nunez, JJ.