■ LEONARD BRACE, Appellant, v CITY OF NEW YORK et al., Respondents. — Appeal from an order of the Supreme Court, Kings County (Vaccaro, J.), entered January 11, 1982, dismissed, without costs or disbursements. That order was superseded by an order of the same court, entered February 25, 1982, granting reargument. Order entered February 25, 1982, affirmed insofar as appealed from, without costs or disbursements. No opinion. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.

■ SABINA C. CERVONE, Appellant, v VINCENT CERVONE, Respondent. — In an action for divorce, plaintiff appeals (1) from an order of the Supreme Court, Dutchess County (Aldrich, J.), dated December 23, 1981, which dismissed the action on the ground that there was a prior action pending and (2) as limited by her brief, from so much of a further order of the same court, dated February 16, 1982, as, upon reargument, adhered to its original determination. Appeal from the order dated December 23, 1981, dismissed as academic. Said order was superseded by the order granting reargument. Order dated February 16, 1982 affirmed insofar as appealed from. Defendant is awarded one bill of $50 costs and disbursements. We agree with appellant that the fact that the "Consent to Change Attorneys" recites that the action is pending in the County of Orange rather than the County of Dutchess is of no moment and is simply a typographical error subject to correction. However, we find, on this record, that appellant has totally failed to show that she had, in fact, abandoned the original divorce action commenced in 1979. Under the circumstances we conclude that the commencement of the second action is simply an attempt to obtain the benefits of part B of section 236 of the Domestic Relations Law, and this she may not do (see *Tucker v Tucker,* 55 NY2d 378; *Valladares v Valladares,* 55 NY2d 388). Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.