■ 91ST STREET COMPANY, Appellant, v HARRIET ROBINSON et al., Respondents. [662 NYS2d 497] —Order, Supreme Court, New York County (Paula Omansky, J.), entered April 4, 1996, which, in an action by plaintiff landlord for an injunction against defendants tenants' conducting a child care business in the subject apartment, possession of the apartment, rent arrears, use and occupancy and attorneys' fees, denied plaintiff's motion for summary judgment, dismissed the cause of action for an injunction upon a search of the record, *sua sponte* transferred plaintiff's remaining causes of action to Civil Court, and directed defendants to begin paying interim use and occupancy at the current lease rate after service of a copy of the order and pending the outcome of the matter, unanimously affirmed, with costs.

Plaintiff's cause of action for a permanent injunction was properly dismissed on the ground that an adequate remedy at law exists to end the allegedly improper commercial use of the subject apartment, namely, eviction proceedings in Civil Court. Nor is there an emergency need to resort to the drastic remedy of a preliminary injunction given the long period of time that the allegedly improper commercial use has been going on, the speculative nature of plaintiff's claim that it could be subject to liability in the event of an accident on the premises, and an issue of fact as to whether the alleged violation is "a significant one" (*Matter of Park W. Vil. v Lewis*, 62 NY2d 431, 437; *Vittorio Props. v Alprin*, 67 Misc 2d 439). The availability of complete relief in Civil Court on plaintiff's remaining causes of action warranted the IAS Court's transfer of those causes of action to that court for resolution on the merits (*see, Cox v J.D. Realty Assocs.*, 217 AD2d 179) along with related issues of use and occupancy and attorneys' fees. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.