■ RONALD M. SEVERINO, Appellant-Respondent, v CLASSIC COLLISION, INC., et al., Defendants, and WOODMONT WEST HOMEOWNERS ASSOCIATION, INC., Respondent-Appellant. [719 NYS2d 902] —In an action, *inter alia*, to recover damages for conversion and breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated September 9, 1999, as granted that branch of the motion of the defendant Woodmont West Homeowners Association, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Woodmont West Homeowners Association, Inc., cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment on its counterclaims and, upon searching the record, dismissed the counterclaims.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant Woodmont West Homeowners Association, Inc. (hereinafter Woodmont), owns and maintains the common areas in the housing development where the plaintiff resides. The board of directors of Woodmont passed a regulation authorizing the towing of vehicles blocking fire hydrants. The plaintiff commenced this action, *inter alia*, to recover damages for conversion and breach of contract after his vehicle was towed.

Contrary to the plaintiff's contention, the board of directors had the authority under Woodmont's bylaws to pass the subject parking regulation (*see, Gillman v Pebble Cove Home Owners Assn.*, 154 AD2d 508). In support of its motion, Woodmont presented sufficient unrebutted evidence that the plaintiff's vehicle was blocking a fire hydrant at the time it was towed. In opposition, the plaintiff failed to raise a triable issue of fact. We decline to consider arguments which were raised by the plaintiff for the first time in his sur-reply affidavit (*see, Matter of Leewen Contr. Corp. v Department of Sanitation*, 272 AD2d 246; *McCullough v Maurer*, 268 AD2d 569). Accordingly, the Supreme Court properly granted that branch of Woodmont's motion which was for summary judgment dismissing the complaint.

The Supreme Court properly dismissed Woodmont's counterclaims for permanent injunctive relief and an award of an attorney's fee. Injunctive relief is inappropriate where, as here,

other remedies are available (*see, City of New York v State of New York,* 94 NY2d 577, 599; *91st St. Co. v Robinson,* 242 AD2d 502). An attorney's fee may not be recovered unless such an award is authorized by agreement between the parties, or by statute or court rule (*see, Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5). The language contained in paragraph 23 of the "Declaration of Covenants" upon which Woodmont relies, does not clearly permit it to recover an attorney's fee from the plaintiff under these circumstances (*see generally, Hooper Assocs. v AGS Computers,* 74 NY2d 487). O'Brien, J. P., Krausman, Florio and Luciano, JJ., concur.