■ SHELDON H. SOLOW, Appellant, v AVON PRODUCTS, INC., Respondent. [752 NYS2d 887] —Order, Supreme Court, New York County (Walter Tolub, J.), entered August 6, 2001, which, upon the parties' respective motions for summary judgment, declared that defendant tenant is not responsible for asbestos abatement associated with the restoration work it is required to perform upon termination of the lease, and denied plaintiff landlord's motion for summary judgment on its cause of action for breach of the restoration provisions of the lease, unanimously affirmed, without costs.

The declaration was correctly made on the basis of Chemical Bank v Stahl (272 AD2d 1), holding that "absent a lease covenant to the contrary, responsibility for Local Law No. 76 compliance [i.e., removal or encapsulation of asbestos that may be disturbed during building alterations] is not shifted from the landlord to the tenant * * * even in the context that the tenant's exit work might cause or exacerbate an asbestos condition" (at 16). Plaintiff's assertion that the asbestos abatement necessitated by the restoration work here would involve nothing more than some inexpensive dust control procedures that are not structural in nature and would not enhance the value of the building was improperly raised for the first time in sur-reply papers, and, even if true, Stahl does not support the distinction plaintiff makes between inexpensive asbestos dust control and expensive asbestos removal. Other arguments made by plaintiff for distinguishing Stahl are also unavailing. With respect to the cause of action for breach of contract, issues of fact exist as to, inter alia, the extent of the restoration work required of defendant under the lease, the extent to which defendant's performance of restoration work was thwarted by plaintiff's refusal to accept responsibility for asbestos abatement, and the condition of the premises after defendant vacated. Concur—Tom, J.P., Buckley, Rosenberger, Friedman and Marlow, JJ.