OPINION OF THE COURT
Per Curiam.
Judgment entered September 17, 2003 affirmed, with $25 costs. Appeal from order dated July 7, 2003 dismissed, without costs, as superceded by the appeal from the aforesaid judgment.
The action arises out of the defendants’ rental of a single-family residence owned by plaintiff and located at 109 Bank Street, in Manhattan. The extensive record developed on the parties’ cross motions for summary judgment, including defendant Kaufelt’s own deposition testimony, conclusively demonstrates that defendants, as tenants, breached the provisions of paragraph 38 of the rider to the governing lease agreement, which, while permitting defendants to use and list in their own names plaintiffs telephone number during their occupancy period, required defendants to “re-list” the telephone number in plaintiffs name upon the expiration of the lease term. Irrespective of whether plaintiff possessed a cognizable possessory interest in the telephone number (compare Slenderella Sys. of Berkeley, Inc. v Pacific Tel. & Tel. Co., 286 F2d 488, 490 [2d Cir 1961], with In re Fontainebleau Hotel Corp., 508 F2d 1056, 1059 [5th Cir 1975]; see also Matter of Atlantic & W. Travel v New York Tel. Co., 40 Misc 2d 950, 951 [1963]), plaintiff clearly was entitled to contractually protect his right to the continued use of the telephone number assigned to him — featuring a “212” area code and a “5700” suffix — and to enforce the plain contractual terms safeguarding that right affirmatively assented to by defendants (see Atlantic & W. Travel v New York Tel. Co., supra; see also Lewis v Universal Tax Sys., 52 AD2d 535 [1976]).
Defendants’ assertion that the liquidated damages provision embodied in paragraph 38 of the lease rider constitutes an unenforceable penalty, raised (obliquely) for the first time in their surreply papers below, is not properly before us (see Solow v Avon Prods., 301 AD2d 441 [2003]; Severino v Classic Collision, 280 AD2d 463 [2001]). In any event, the liquidated damages clause is enforceable, since the provision represented a *12 bargained-for element in a multi-faceted agreement, the amount of actual loss was difficult, if not impossible to calculate, and the damage amount fixed (the equivalent of one month’s rent under the lease) was not unreasonable in view of “ ‘the surrounding circumstances and the apprehension of damage that existed in the minds of the parties at the time the contract was made.’ (36 NY Jur 2d, Damages, § 156, at 267.)” (LeRoy v Sayers, 217 AD2d 63, 69 [1995]; see also Parsons & Whittemore v 405 Lexington L.L.C., 299 AD2d 156, 157 [2002], lv dismissed in part and denied in part 99 NY2d 650 [2003].)
Suarez, EJ., Davis and Gangel-Jacob, JJ, concur.