Luo v Wang (2019 NY Slip Op 07441)





Luo v Wang


2019 NY Slip Op 07441


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-12069
 (Index No. 715369/17)

[*1]Zhuoya Luo, respondent, 
v
Wensheng Wang, appellant.


Law Office of Peter L. Quan PLLC, Flushing, NY, for appellant.
Law Office of Amy Y. Chen, PLLC, Flushing, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered September 6, 2018. The order granted the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment upon the defendant's failure to appear and denied the defendant's cross motion, in effect, pursuant to CPLR 5015(a)(4) to vacate his default in appearing, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction, and pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the plaintiff and her attorney.
ORDERED that the order is affirmed, with costs.
On November 5, 2017, the plaintiff commenced this action, inter alia, to recover damages for defamation, injurious falsehood, false imprisonment, and assault and battery by filing a summons with notice against the defendant. According to an affidavit of service, on November 6, 2017, the defendant was served pursuant to CPLR 308(1). When the defendant failed to serve a notice of appearance, by notice of motion dated May 9, 2018, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendant. A copy of the verified complaint was attached to the plaintiff's motion papers. The defendant opposed the plaintiff's motion and cross-moved, in effect, pursuant to CPLR 5015(a)(4) to vacate his default in appearing, pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction, and pursuant to 22 NYCRR 130-1.1 to impose a sanction upon the plaintiff and her attorney. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
On a motion for leave to enter a default judgment against a defendant for failure to appear in an action, a plaintiff must submit evidence of service of the summons with notice, evidence of the facts constituting the cause of action, and evidence of the defendant's default (see CPLR 3215[f]; L & Z Masonry Corp. v Mose, 167 AD3d 728, 729; Kircher v William Penn Life Ins. Co. of N.Y., 165 AD3d 1241, 1242; HSBC Bank USA, N.A. v Simms, 163 AD3d 930, 933). Here, the plaintiff submitted evidence that she served the defendant with the summons with notice pursuant to CPLR 308(1). The plaintiff also submitted a detailed complaint, which she verified, along with other documents, which were sufficient to establish that the causes of action in the complaint were viable (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71; Cardo v Board of Mgrs., Jefferson Vil. Condo 3, 29 AD3d 930; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, [*2]356). In addition, the plaintiff submitted evidence of the defendant's default in appearing in this action. We agree with the Supreme Court's determination to disregard certain typographical errors in the complaint, the verification, and the affirmation of military investigation, as those errors were obvious mistakes and did not prejudice a substantial right of any party (see CPLR 2001, 3026; Matter of Miller v Board of Assessors, 91 NY2d 82, 86-87; Matter of Greenfield v Town of Babylon Dept. of Assessment, 76 AD3d 1071, 1073; Cervone v Cervone, 89 AD2d 1006). The plaintiff satisfied all of the requirements for demonstrating her entitlement to the entry of a default judgment (see L & Z Masonry Corp. v Mose, 167 AD3d at 729; Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 690; Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC, 65 AD3d 1102).
In opposition to the facially adequate motion for leave to enter a default judgment, the defendant claimed that he was not properly served with the summons with notice. The affidavit of the plaintiff's process server constituted prima facie evidence of valid service upon the defendant of the summons with notice pursuant to CPLR 308(1) (see US Bank N.A. v Ramos, 153 AD3d 882, 884; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). In response, the defendant offered a mere conclusory denial of proper service, which was insufficient to rebut the presumption of proper service arising from the process server's affidavit (see Citimortgage, Inc. v Phillips, 82 AD3d 1032, 1033; Sturino v Nino Tripicchio & Son Landscaping, 65 AD3d 1327; 96 Pierrepont v Mauro, 304 AD2d 631). Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion and to deny, without a hearing, those branches of the defendant's cross motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate his default in appearing and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction (see NYCTL 2009-A Trust v Tsafatinos, 101 AD3d 1092; Citimortgage, Inc. v Phillips, 82 AD3d at 1033).
We also agree with the Supreme Court's determination to deny that branch of the defendant's cross motion which was to impose a sanction upon the plaintiff and her attorney, as the defendant failed to demonstrate that the conduct of the plaintiff or her attorney was frivolous as that term is defined in 22 NYCRR 130-1.1(c) (see Karnes v City of White Plains, 237 AD2d 574, 576).
We have not considered the defendant's affidavit that was submitted for the first time in his surreply papers before the Supreme Court (see Amodeo v Kolodny, P.C., 35 AD3d 773, 774; Severino v Classic Collision, 280 AD2d 463). The defendant's remaining contentions, including those with respect to the affirmative defenses of the statute of limitations and failure to state a cause of action, are improperly raised for the first time on appeal (see Mora v Cammeby's Realty Corp., 106 AD3d 704, 705).
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court